BARTON P. KINGSBURY, Respondent, *v.* PETER R. WESTFALL, Executor, etc., Appellant.

A guarantor of the payment of rent reserved in a lease, is not discharged from liability for rent past due by a surrender of the lease and a release of rent thereafter to accrue, without his knowledge or consent.

Nor where the lease was of a village lot was he released, or his liability affected, by a destruction of .the buildings thereon by fire, as to rent thereafter accruing.*

The fact that the lessor had an insurance on the buildings, collected the amount thereof, and did not rebuild, did not affect the liability of the guarantor.

(Argued September 15, 1874; decided January term, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of plaintiff entered upon a verdict.

This action was upon a guaranty. On the 13th of September, 1855, the plaintiff leased to Messrs. Hilliard & Bourne a village lot, with the buildings thereon, situate in the village of Lyons, Wayne county, for the term of five years, commencing on the first day of October then next; to which lease Alexander B. Williams, the defendant's testator, appended his guaranty, guaranteeing the payment, by the lessees, of the rent reserved therein. On the trial, the plaintiff, after proving that the several quarters' rent, commencing with the one falling due April 1, 1858, to and including the quarter falling due April 1, 1860, remained unpaid, rested. The defendant then proved that the lessee

* This was prior to the passage of the act, chap. 345, Laws of 1860.

Hilliard, on the first of July, 1856, purchased the interest of his co-lessee, Bourne, in the lease, and went into possession of the whole of the demised premises, and alone occupied the same, and then offered to show that, on the first day of January, 1858, the buildings on said lot, which covered nearly the whole thereof, were destroyed by an accidental fire, and became thereby incapable of occupancy. Of all of which Hilliard, soon after the destruction of the buildings, notified the plaintiff; and that the rent accruing after the fire would not be paid unless the plaintiff rebuilt the buildings thus destroyed; and that said premises were not thereafter occupied by or under the lessees, or either of them. The defendant also offered to prove that, on the 9th day of April, 1860, after the expiration of the last quarter's rent sought to be recovered, the plaintiff and Hilliard, without the knowledge or consent of the defendant, entered into an agreement, under seal, by which the plaintiff, in consideration of Hilliard's release to him of the unexpired portion of the term, released all claim for the rent of the demised premises which should thereafter accrue. That on the day following the release of the unexpired term in the premises, plaintiff, without the knowledge or consent of the defendant, granted and conveyed the demised premises, in fee, to one Cramer, who, immediately thereafter, entered into and continued in possession thereof. The defendant further offered to prove that, in September, 1855, the plaintiff procured an insurance of $700 upon the buildings against loss by fire; and that, before the commencement of this action, he received $650.51 on account of the loss; and that the plaintiff did not rebuild the buildings or other buildings in their place; and that the use of the demised premises after the fire was not worth, for the residue of the term, to exceed one dollar per year. These offers being severally objected to as immaterial, were each excluded; and to the ruling excluding them the defendant duly excepted. The court directed the jury to find a verdict for the plaintiff for the amount claimed  The jury rendered a verdict as directed.

*J. Welling* for the appellant. The surrender of the lease without the knowledge or consent of the guarantor released him. (2 Shep. Touch. [ed. 1809], 305, 306 ; *Lyon* v. *Reed,* 13 M. & W., 285 ; Smith on R. P., 79 ; L. Lib. [3d series], [m. p.], 561, 563 ; 2 Am. L. Cas. [5th ed.], 434, 435 ; *Whitcher* v. *Hall,* 5 B. & C., 269 ; *Burse* v. *Mut. L. Ins. Co.,* 26 Barb., 556 ; *Howden* v. *Guard. L. Ins. Co.,* 97 Mass., 144 ; *Manhat. L. Ins. Co.* v. *Warwick,* 1 Ins. J., 116, 117 ; *Massey* v. *Goodall,* 17 Q. B., 310 [79 E. C. L. R.] ; *Powley* v. *Walker,* 6 T. R., 373 ; *Beadle* v. *Saunders,* 8 Bing. N. C., 850 ; Broom on Com. Law, 314, 324 [5th Am. ed., 1873] ; Add. on Con. [Am. ed.], 49, 669 ; 13 N. Y., 151, 160 ; Story on Con. [2d ed.], § 879 ; *Calvert* v. *Lond. Dock Co.,* 2 Keene, 638 ; 2 Am. L. Cas., 457 ; *Samuel* v. *Howarth,* 3 Meriv., 272 ; *Carter* v. *Jones,* 5 Ire., 192 ; *Weed* v. *Grant,* 30 Conn., 74 ; *Rowan* v. *Sharpe's Rifle Co.,* 33 id., 22, 24 ; *People* v. *Vilas,* 36 N. Y., 460–477 ; Burge on Surety, 214 ; Theobold, § 132 ; *Eyre* v. *Bastrop,* 3 Mad., 221 ; *Bangs* v. *Strong,* 4 N. Y., 317 ; *Henderson* v. *Marvin,* 31 Barb., 297–300 ; *Meyer* v. *Hencke,* 10 Alb. L. J., 154 ; Story Eq. Jur., § 324, pp. 313, 317 [ed. 1857] ; *Rees* v. *Berrington,* 6 Ves. Jr., 642 ; *Rathburn* v. *Warren,* 10 J. R., 595 ; Cooper's Inst., tit. "De Nov.," 297 [ed. 1852] ; *Miller* v. *Stewart,* 9 Wheat., 680 ; 31 Barb., 300.) The defence that the lessor collected the insurance upon the leased premises was good. (Will. Eq. Jur., 137, 138 ; *Brown* v. *Quitler,* Ambler, 261 ; *Hall* v. *Wylie,* 3 J. R., 44 ; *Doe* v. *Sandham,* 1 T. R., 706, 709.)

*Wm. Clark* for the respondent. The objection to the offer to prove that defendant received no consideration for the guaranty was properly sustained. (3 Comst., 203 ; 4 Den., 559 ; 42 Barb., 524 ; 16 Wend., 460 ; 43 Barb., 529.) The burning of the buildings did not excuse the tenant from paying rent. (3 Kent's Com., 465 ; 3 J. R., 44 ; 4 Paige, 355 ; 1 Pars. on Con., 425.) The receipt by plaintiff of the insurance money cannot affect the defendant. (Taylor's L. and T., 290, § 329 ; *Morgan* v. *Lambert,* 1 T. R., 444.)

GRAY, C. The lease to Hilliard & Bourne of the village lot, with the buildings thereon, gave them an interest in the land upon which the buildings stood, susceptible of some beneficial enjoyment by them after the buildings were destroyed by fire, and hence they were not, by the loss of the buildings, released from their obligation to pay the rent reserved. (*Hallett* v. *Wylie*, 3 J. R., 44, 47, 48; *Graves* v. *Berdan*, 26 N. Y., 498.) The offered proofs of the destruction of the buildings by fire, as well as of the slight annual value of the lot without the buildings, was, so far as it related to the defendant's liability to pay the rent sued for, immaterial, and therefore properly rejected.

The plaintiff was under no obligation to the lessees of the premises, or the defendant, to procure an insurance on the buildings against loss by fire. It was an act of prudence on his part to appropriate from his own means, derived from that property, or other sources, as should be necessary to save himself from the ultimate loss of his buildings by that cause. I have not been able to discover any claim, legal or equitable, in favor of the lessees or the defendant upon that fund, or any part of it, to indemnify them against loss. It was not procured by the means or for the benefit of either of them; and notwithstanding it was thought by the chancellor, in *Brown* v. *Quilten* (Ambl., 621), that the fact that the landlord received the insurance money for the house which was burned, and did not rebuild it, raised an equity in favor of the tenant; the suit was settled; no judgment was rendered in it, or principle settled justifying its being regarded as authority. If the plaintiff had the day before the fire sold the premises for their full value, subject to the lease, reserving to himself the rent to accrue, and in that way, instead of by insurance, escaped loss, it clearly would be no ground for diminishing the rent reserved for the residue of the term. No good reason can be assigned why an abatement of the rent should not be allowed, as well in the one case as the other. The proof offered of the insurance on the buildings and the payment of

the money derived therefrom to the plaintiff, was also immaterial, and properly excluded.

The next and only remaining question arises upon the exclusion of the defendant's offer, which, in substance, was, that after the rent sued for had become due, and an action was maintainable for its recovery, the plaintiff, in consideration of an assignment to him of the lessee's unexpired term in the premises, released them from the payment of the rent thereafter to accrue; and thus, as the defendant insists, so changed the agreement for the payment of rent guaranteed by him, as to discharge him not only from the payment of the rent thereafter to accrue, but from that which was then overdue, and for the recovery of which this action was brought. It is now too well settled to admit of a doubt, that a guarantor, like a surety, is bound only by "the strict letter or precise terms" of the contract of his principal, whose performance of it he has guaranteed, that he is in this respect "a favorite of the law," and that a claim against him, is *strictissimi juris.* (*Wright* v. *Johnson*, 8 Wend., 512, 516.) If an alteration be made in a contract "in a point so material as in effect to make a new contract," without the consent of a guarantor, he is discharged. (*Grant* v. *Smith*, 46 N. Y., 93, 96.) And if he be then sued on the original contract a good answer is, "that such contract no longer exists, it having been legally terminated by the altered or substituted contract made by the parties." (*The People* v. *Vilas*, 36 N. Y., 459, 460.) These are authoritative statements in varied form, of a conceded cardinal principle, established to save a guarantor from being made liable upon a substituted contract to which he never assented. This just principle is now invoked by the defendant and sought to be interposed by him as a shield against the plaintiff's right to recover, not upon any portion of the contract upon which a liability was to accrue when the change was made, or upon any portion of it changed by the new arrangement, but because, as he says, the parties, the one by releasing to the lessor the residue of the term in the demised premises, and the other releasing

to the lessees the rent to accrue therefor for the same unexpired term, have, without his consent, changed the contract, the performance of which on the part of the lessees he had guaranteed. It is true the contract was changed, but the obligation which the lessees undertook to perform, so far as it relates to the payment of the rent which had then accrued, was not changed; it remained in the precise terms it was before; it was, as to the then future, the executory portion of it that was abrogated.

It is not pretended that the right of the defendant to be put in possession of the vacant lot, for the unexpired term, in the place of the lessees, could, by any possibility, have resulted to his advantage. The case, then, stands in principle as if the plaintiff had, mainly as a charity to the lessees, released them from the hard fate of an accidental fire, changed the contract by releasing them from their obligation any longer to pay rent upon a property that had by accident become nearly worthless to them. This, though it should come within the letter of the rule, would, should it be applied as the defendant insists it should be, do injustice to its spirit. The obligation to pay the rent for which judgment has been recovered has not, in letter or spirit, been changed; nor is it pretended that any right of the defendant growing out of the contract is, so far as it relates to that obligation, in any respect altered or impaired.

The judgment appealed from should be affirmed.

All concur.

Judgment affirmed.