THOMAS R. RUTHERFORD, as Assignee, etc., Appellant and Respondent, *v.* JULIUS SCHATTMAN, Impleaded, etc., Appellant and Respondent.

An exception to a finding of fact does not reach an erroneous reason given for it in an opinion of the court accompanying its decision; if there is in any view evidence to sustain it, this court is bound by it.

On trial of an action to set aside an instrument on the ground of conspiracy and fraud, in the absence of any proof connecting a person not a party to the action with the alleged conspiracy, his acts or declarations are immaterial and inadmissible; to make them competent, *prima facie* evidence must first be given of the existence of the conspiracy, and of the connection of the person whose acts and declarations are sought to be proved.

In a confession of judgment it was stated that $600 of the original debt had been paid. It appeared that only $350 had been paid in cash, and that the debtor had assumed payment of a debt of $250

---

*\*Uline* v. *N. Y. C. & H. R. R. R. Co.* (101 N. Y. 98).

owed by his creditors to a third party. *Held*, that the statement was true, as the assumption of the debt amounted to a payment of its amount.

(Argued December 5, 1889; decided January 14, 1890.)

CROSS APPEALS from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of June, 1888, which modified, and affirmed as modified, a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

This action was brought by plaintiff, as assignee of one Morris Schattman for the benefit of creditors, to set aside a confession of a judgment made by the assignor previous to the assignment, on the ground of fraud and conspiracy. The trial court found, on evidence held by the court here to be amply sufficient, that there was no fraud or conspiracy, and that the judgment was confessed to secure an honest debt.

It was claimed by the plaintiff that the trial court, as shown by its opinion, based its finding on erroneous conclusions, and so gave undue weight to testimony denying the fraud, and not sufficient to that which tended to prove it.

The court here say: "The General Term could have remedied that error if it thought that it appeared, but when that court has affirmed the finding and there is in any view evidence to sustain it, this court is bound by it. An exception to a finding of fact does not reach an erroneous reason for it given in an opinion of the court accompanying its final decision."

Plaintiff offered in evidence certain statements or reports made by persons who were not parties to the action, but who, plaintiff claimed, were parties to the conspiracy. These were excepted to and rejected. The court say: "The materiality of the evidence as against any one, is not apparent, but a conclusive answer to its admissibility as against Auguste Schattman is that the reports were *res inter alios acta*. They were the acts of the bookkeeper of Schattman Brothers, of New York, and if it be assumed that he was their agent or representative, yet the Schattman Brothers were not parties to this

action, and neither their acts nor declarations were evidence against Auguste Schattman. If it be said that the complaint alleged a general conspiracy to defraud, and that Auguste Schattman was a party to it, and that the acts or declarations of a co-conspirator performed or made during the progress of the conspiracy and in aid thereof are evidence against all, the answer is that *prima facie* evidence ought first to be given of the existence of a conspiracy, before such acts or declarations are evidence against any but the party making them ; and that there is no evidence whatever of the existence of any such conspiracy so far, at any rate, as Auguste Schattman is concerned. I do not think that the evidence was material in the first place, and if so, it was not admissible as against Auguste Schattman, and it was offered generally and against all."

The following is also an extract from the opinion : "There is no merit in the criticism regarding the statement of the confession of judgment. It is therein alleged that $600 of the original debt from Martin to Auguste Schattman had been paid. It is now said that only $350 had been paid in cash and the remaining $250 had been paid by Morris Schattman assuming, at her own request, a debt Mrs. Schattman owed to a third party to that amount. That was, under the circumstances, a payment of so much of the indebtedness to Mrs. Schattman, and the statement was, therefore, true."

*J. F. Parkhurst* for plaintiff.

*Randolph Sampter* for defendants.

PECKHAM, J., reads for affirmance.
All concur.
Judgment affirmed.