[Filed June 21, 1892.]

## STAVER & WALKER *v.* J. S. LOCKE.

CONTRACTS — GUARANTOR — SURETY.—A guarantor, like a surety, is bound only by the strict letter or precise terms of the contract of his principal whose performance he has guaranteed.

Baker county: M. D. CLIFFORD, Judge.

Plaintiff appeals.    Affirmed.

The plaintiff is a private corporation doing business at Portland, Oregon.    Before the formation of said corporation, which has succeeded to the business of the firm of Staver & Walker, said firm appointed one W. F. Locke their agent at Huntington, Oregon, for the sale of farm machinery, wagons, etc., and at the same time and by the same writing entered into an agreement with him, whereby, among other things, said agent agreed not to sell machinery, wagons, etc., in any other territory than that named; to do all the business pertaining to canvassing, taking orders for and selling goods; also looking after and making collec-

tions; defraying the cost of recording mortgages; examining records; assuming all local and incidental expenses, including taxes, if charged; to receive freight, and pay charges on all goods received; to keep them insured for the benefit of Staver & Walker at two-thirds invoice prices; to keep them housed from exposure and rain and in good order until settled for or delivered, to pay all damages or losses that may occur to any goods while in their charge, and in no case to take parts from machines or other goods to sell or furnish as repairs, etc. By the third specification of said agreement, said Locke agreed to make all notes for farm machinery, wagons, etc., not otherwise specially provided for, due within six months from date of sale, unless by written consent of Staver & Walker; and to make all notes for mowers, reapers, and binders on as short time as possible, but one-half to be payable not later than November first after date of sale, and one-half not later than one year from date of first note; all notes to bear interest from date at ten per cent. By the fourth, to settle for all goods sold either by cash or notes at the time of delivery; said agent to be held liable for any loss or damage caused by deviation from this stipulation. By the fifth stipulation, Locke agreed to draw all notes payable to Staver & Walker upon blanks furnished by them, making the notes payable at the nearest bank or express office, with collection charges and exchange on Portland. The sixth specification, it being the one out of which this controversy mainly arises, is as follows: "To guarantee the payment at maturity, or any time thereafter, when demanded, of all notes and renewals of notes, taken for goods sold under this contract, endorse said notes as soon as taken, waiving demand, protest and notice of non-payment. Failure to endorse by said agent shall not affect above guaranty of payment." At the end of said contract is the following:

"GUARANTY.

"For value received, and in further consideration of one dollar, to him in hand paid by said Staver & Walker, the undersigned do hereby guarantee the faithful and full performance by the agent named in the foregoing of all the agreements and engagements therein entered into by the said agent.   Witness his hand and seal this day and date within written.

"In presence of              "W. F. LOCKE.   [SEAL.]
     "TINA LOCKE.            "J. S. LOCKE.   [SEAL.]
     "T. T. WOOD."

The complaint then alleges, that said W. F. Locke, while acting as such agent under said contract, and in accordance with its provisions, sold a part of the farm machinery, wagons, etc., furnished by Staver & Walker under said contract, to one Wm. Cook, for which said Cook executed three separate promissory notes, which are set out, one for twenty-five dollars, and two for thirty-seven dollars and fifty cents each.   Quite a number of other sales are also alleged, and the taking of sundry notes, amounting in the aggregate to the sum of three hundred and seventy-eight dollars and sixty-eight cents, and that each of said notes provides for a reasonable attorney fee, and various sums are alleged which are claimed to be reasonable. Presentment is alleged of each of said notes to the several makers, when the same became due, and that payment was demanded and refused.   It is then alleged that the plaintiff used much diligence in trying to collect said notes both from the makers and from the said agent, W. F. Locke; that the defendant J. S. Locke, guarantor, has been frequently duly notified of the failure and refusal of the said agent, W. F. Locke, to pay said notes or any of them, and of his failure thereby to faithfully fulfill the said agreements and engagements of his agency contract.   It is also alleged that about the date of said several notes, the said agent,

W. F. Locke, in ratification of the covenants on his part in said agreement set out, and in part performance thereof, endorsed each, every and all of the above-described notes in the following words, to wit: "In consideration of the commission to be paid upon the within sale as per terms of contract, I hereby guarantee the payment of the within note, waiving demand, notice, and protest.

"Wm. F. Locke.

"Huntington, Oregon."

It is also alleged that demand for payment of the said notes, and each of them, has frequently been made of the said J. S. Locke; that he, the said J. S. Locke, has at all times refused and still continues to refuse to pay the said notes or any of them, thereby refusing to perform the covenants of his guaranty contract; and that said W. F. Locke is wholly insolvent, and has no property out of which said sum can be collected or any part thereof; that in furnishing said goods, Staver & Walker relied wholly upon the contract of guaranty of the defendant, J. S. Locke, and not upon that of any one else whatever. To this complaint, J. S. Locke filed a separate demurrer, on the grounds—first, that the plaintiff has not legal capacity to sue; second, that the complaint does not state facts sufficient to constitute a cause of action, and, third, that there is a defect of parties defendant. This demurrer was sustained; and the plaintiff declining to plead further, final judgment was rendered in favor of the defendant J. S. Locke, from which the plaintiff has appealed.

*W. F. Butcher,* for Appellant.

*J. L. Rand,* for Respondent.

Strahan, C. J.—The liability of J. S. Locke, the respondent, depends upon the terms of his guaranty. As will be seen from the statement, he guaranteed the faithful performance by the agent named in the foregoing contract of all agreements and engagements therein entered into by the

said agent. The only breach of the agreement on the part of W. F. Locke, by which it is claimed J. S. Locke became liable, is that said W. F. Locke failed to pay said notes when they became due, or on demand. The obligation which W. F. Locke assumed in this particular is contained in the sixth specification of the contract, and is contained in the statement. The duties and obligations assumed by W. F. Locke, by the agreement, are enumerated with great particularity, and are contained in specifications numbered from one to seven, inclusive. The second specification recites that the said W. F. Locke agrees to do all the business, etc.; third, to make all notes, etc.; fourth, to settle for all goods, etc.; fifth, to draw all notes, etc.; sixth, to guarantee the payment, at maturity, or any time thereafter when demanded, of all notes and renewals of notes taken for goods sold under this contract; indorse said notes as soon as taken, waiving demand, protest, and notice of non-payment. If these words in themselves import a guaranty by W. F. Locke of the payment of all notes taken by him for goods sold, then there is much force in the appellant's contention; on the other hand, if they only bound W. F. Locke to indorse the notes in the manner therein specified, then there is no reason whatever to claim that the defendant is liable on his guaranty, for the reason the complaint alleges that W. F. Locke duly indorsed them.

The phraseology used is obscure, and its meaning is not obvious, and the inferences to be drawn from different parts of the agreement are so contradictory and unsatisfactory that we fail to derive any aid from that source. For instance, the fourth clause obliges the agent to settle for all goods sold, either by cash or notes, at the time of delivery; said agent to be held liable for any loss or damage caused by a deviation from this stipulation. It may be suggested that if he was liable at all events, or as guarantor for all goods sold, why does this clause only hold him liable for any loss or damage caused by a deviation from this stipulation?

Besides, if he was liable as guarantor in every case when the purchaser did not pay, why indorse the notes at all? Staver & Walker, under that construction, held a single guaranty covering all defaults; and the indorsements of the notes added nothing to the liability of the agent. Then, on the other hand, it is declared in the latter part of clause six that failure to indorse by said agent shall not affect above guaranty of payments. This language seems to assume that, aside from the indorsements provided for, the contract contained a guaranty of payment. What W. F. Locke agreed to do was to guarantee the payment at maturity, etc.; and the subsequent language of clause six seems to indicate in what manner the guaranty was to be made, namely, by indorsing said notes as soon as taken, waiving demand, protest, notice of non-payment, etc.; all of which the pleadings admit he fully performed. The plaintiff's contention seems somewhat forced, and the construction contended for, strained and unnatural. The intention of the parties to a contract of guaranty, when ascertained, is to prevail as in other contracts; still, it is said that it is now too well settled to admit of doubt that a guarantor, like a surety, is bound only by the strict letter or precise terms of the contract of his principal, whose performance he has guaranteed; that he is in this respect a favorite of the law, and that a claim against him is *strictissimi juris.* (*Kingsbury* v. *Westfall,* 61 N. Y. 356.) And in determining the liability of a surety or a guarantor, it must be remembered that he is a favorite of the law, and has the right to stand upon the strict terms of his obligation, when such terms are ascertained. (*People* v. *Chalmers,* 60 N. Y. 154; *State* v. *Churchill,* 48 Ark. 426.)

J. S. Locke's liability depends entirely upon the construction we have given in article six of the agreement. He guaranteed the faithful and full performance by the agent named in the foregoing, of all the agreements and engagements therein. If W. F. Locke guaranteed the notes

by making the proper indorsement thereon, then he performed his agreement in that respect, and the defendant would not be liable. J. S. Locke did not guarantee that the agent would pay the notes which he might take from purchasers of the plaintiff's goods, but only that such agent should guarantee the payment. There is no breach of the agreement shown to charge the respondent. The court below did not, therefore, err in sustaining the demurrer to the complaint.

The judgment appealed from must be affirmed.