(25 Misc. Rep. 441.)

### AMERICAN COPPER CO. v. LOWTHER et al.

(Supreme Court, Trial Term, New York County. December, 1898.)

1. GUARANTY—RELEASE OF LIABILITY.
   Defendants, who executed a bond guarantying repayment to plaintiff if it should "advance the sum of $25,000 in cash" to a certain corporation, are not relieved from liability by the fact that only part of the advance was in cash, when the rest was held subject to order, and was drawn within a few days.

2. SAME.
   Defendants, who executed a bond guarantying repayment to plaintiff if it should "advance the sum of $25,000 in cash" to a certain corporation, are not relieved from liability by the fact that part of the advance, instead of being paid to the company, was paid to one of its creditors, when such payment was made with the assent of defendants, who were directors of such company.

3. SAME—DEATH OF JOINT OBLIGOR—REVIVAL.
   Where one joint guarantor dies, the action cannot be revived against his estate.

Action by the American Copper Company against George Lowther and others. Judgment for plaintiff.

Anderson, Howland & Murray (Charles E. Miller, of counsel), for plaintiff.

Isaac N. Miller, for defendant Hanson.

Charles H. Brush (John J. Crawford, of counsel), for the other defendants.

McADAM, J. The action is on a bond wherein the defendants guarantied that the Fairfield Copper Company would perform the covenants of a certain other bond executed by it to the plaintiff, and also the provisions of a certain contract made between it and the plaintiff. The contract provided that the plaintiff, "at the execution and delivery thereof," should "advance the sum of $25,000 in cash to the party of the first part [the Fairfield Copper Company] upon its bond for the repayment of said sum, at its election, in pig copper or cash, or part in cash and part in pig copper, with interest at five per cent. per annum, at any time before January 1, 1896." The various documents were deliv-

ered November 27, 1894. It was proved that the covenants of the bond executed by the Fairfield Company and the provisions of the contract made by it had not been performed, and the damages for the breach were established at $25,000, with interest at 6 per cent. from January 1, 1896, the time of default in payment. Bennett v. Bates, 94 N. Y. 354; O'Brien v. Young, 95 N. Y. 428; Ferris v. Hard, 135 N. Y. 354, 365, 32 N. E. 129. The defendants in defense claim that the plaintiff did not pay to the Fairfield Company the sum of $25,000, "at the execution and delivery of the agreement," but in lieu thereof paid to that company, at said time, $18,000; paid $3,000 at the request of the Fairfield Company to one of its creditors, and with the consent of that company retained the balance of $4,000 until said company called for it; and it is insisted that paying the money in this manner was not a performance by the plaintiff of the contract, but a material deviation from it, and that, therefore, the defendants as sureties were discharged. It is, no doubt, the rule that, "when the meaning of the language used in a guaranty is ascertained, the surety is entitled to the application of the strict rule of construction, and cannot be held beyond the precise terms of his contract." Bank v. Kaufmann, 93 N. Y. 273, 281; Smith v. Molleson, 148 N. Y. 241, 246, 247, 42 N. E. 669. It is equally true that "any alteration of the contract between the creditor and the principal debtor, without the consent of the surety, discharges the surety; and courts will not stop to inquire whether the alteration is, or may be, prejudicial or beneficial to the surety." Fellows v. Prentiss, 3 Denio, 512, 521; Wright v. Johnson, 8 Wend. 512; Dobbin v. Bradley, 17 Wend. 422; Birckhead v. Brown, 5 Hill, 634; Walrath v. Thompson, 6 Hill, 540; Pidcock v. Bishop, 3 Barn. & C. 605; Whitcher v. Hall, 5 Barn. & C. 269; Cornell v. Eagan, 13 Daly, 505; Leeds v. Dunn, 10 N. Y. 469; Grant v. Smith, 46 N. Y. 93; Paine v. Jones, 76 N. Y. 274; Page v. Krekey, 137 N. Y. 307, 33 N. E. 311; Smith v. Molleson, supra. There can be no serious question as to the $4,000 allowed to remain in plaintiff's hands until the Fairfield Company drew for it. It was at all times subject to the order of that company, as much so as if the money was on deposit in a bank to its credit. It was paid within a few days after the contract was executed upon a draft drawn therefor by said company. The more earnest objection is as to the $3,000 paid to Woods, a creditor of the Fairfield Company. Ordinarily, a payment at the request of a corporation is regarded as a payment to it, because made for its use and benefit. See Rutherford v. Schattman, 119 N. Y. 604, 23 N. E. 440. Assuming, however (but not deciding), that this rule does not apply to sureties, and that the deviation is a material one, the evidence shows that the defendants are directors of the Fairfield Company, and that at a meeting of the board, attended by all the defendants, the mode of payment adopted was assented to by them. This assent concludes them from raising any question now as to their liability on that ground. Baylies, Sur. 264; 5 Wait, Act. & Def. 246; Calro v. Davies, 73 N. Y. 211, 217; Bank v. Bigler, 83 N. Y., at page 66. The authorities holding that sureties were discharged by reason of deviations were cases in which departures were made from the strict terms of the contract "without the sureties'

54 N.Y.S.—61

consent,"—none where departures were made by their express appro-
bation. This feature of the case effectually disposes of the defense
of deviating from the contract. The defense, it will be observed, is
purely technical, while all the equities are with the plaintiff. Pending
the action, Henry Hanson, one of the joint guarantors, departed this
life, and the action was continued against Minnie A. Hanson as his
executrix. There can be no recovery against her, for "it is a rule of
the common law, too long settled to be disturbed, that if a joint obligor,
dying, be a surety, not liable for the debt irrespective of the joint
obligation, his estate is absolutely discharged, both at law and in
equity, the survivors only being liable." Getty v. Binsse, 49 N. Y.
385; Risley v. Brown, 67 N. Y. 160; Wood v. Fisk, 63 N. Y. 245;
Davis v. Van Buren, 72 N. Y. 587; Richter v. Poppenhausen, 42 N. Y.
373; Pickersgill v. Lahens, 15 Wall. 140. As to her, the complaint
must be dismissed, but as to the other defendants there must be a
judgment in favor of the plaintiff for $29,344, the amount due, with
interest.