Argued 17 December, 1901 ; decided 6 January, 1902.

## DAVENPORT *v.* DOSE.

[67 Pac. 112.]

EFFECT ON COUNTERCLAIM OF MOTION FOR NONSUIT.

1. A motion to nonsuit for insufficiency of evidence does not amount to an admission by defendant that a counterclaim set up by him is without merit.

PLEADING—EFFECT OF ADMISSION.

2. Hill's Ann. Laws, § 94, provides that every material allegation of the complaint not denied by the answer shall be taken as true. Plaintiff alleged that he was employed to ship grain for defendant, and sued for commissions. The answer denied the allegations of the complaint, "except as hereinafter stated ;" alleged that plaintiff was employed to ship grain ; conceded that a certain sum was due him as commission ; and set up a counterclaim. It further averred that "the agreement mentioned * * * is the same pretended agreement mentioned in plaintiff's complaint, and the oats * * * are the same identical oats referred to in plaintiff's complaint." *Held,* error to grant a nonsuit, plaintiff's claim being admitted by the answer, and evidence in its support being unnecessary.

From Marion: GEO. H. BURNETT, Judge.

Action by J. L. Davenport against Fred Dose, commenced in a justice's court. On appeal to the circuit court judgment of nonsuit was entered on defendant's motion, from which plaintiff appealed.       REVERSED.

For appellant there was a brief and an oral argument by *Messrs. B. F. Bonham,* and *Carey F. Martin.*

For respondent there was a brief and an oral argument by *Messrs. John A. Carson,* and *Loring K. Adams.*

MR. JUSTICE MOORE delivered the opinion.

This action was commenced in the justice's court of Salem District, Marion County, to recover a balance due for the alleged handling and shipping ten thousand nine hundred and fifty bushels of oats for the defendant, for which he promised to pay plaintiff a commission of one half cent per bushel, or the sum of $54.75, upon account of which he paid $15, leaving due and unpaid the sum of $39.75, for which judgment is de-

manded. The answer, having denied the material allegations
of the complaint, "except as hereinafter stated," averred, as
a separate defense and counterclaim, that defendant employed
plaintiff, agreeing to pay him said commission for all the oats
that he might purchase, weigh, and ship for him; that, in pur-
suance of such agreement, plaintiff purchased, weighed, and
shipped ten thousand four hundred and thirteen bushels, and
no more; that plaintiff wrongfully represented to defendant
that he had purchased ten thousand six hundred and fifty-one
bushels and eighteen pounds of oats, and the defendant, be-
lieving such representations to be true, and relying thereon,
paid to persons from whom he represented that he had made
such purchases the full price for the quantity so represented,
thereby paying $71.40 for oats which he never received; that
he paid plaintiff said sum of $15 before he discovered that he
had not purchased, weighed, or shipped the quantity so repre-
sented; that the agreement and the oats mentioned in the sep-
arate answer and counterclaim are the same pretended con-
tract and the identical grain referred to in the complaint as
the foundation of the pretended cause of action. The answer
demands judgment in the sum of $34.33. The reply having
put in issue the allegations of new matter in the answer, a
trial was had, resulting in a judgment for plaintiff in the sum
demanded, from which the defendant appealed to the circuit
court for said county, and at the trial therein the defendant
moved for a judgment of nonsuit, whereupon the plaintiff
moved for a judgment on the pleadings, but the former motion
having been granted, and the latter denied, the action was dis-
missed, and the plaintiff appeals to this court.

1. It is contended by plaintiff's counsel that the defendant,
having moved for a judgment of nonsuit, thereby waived his
alleged counterclaim, and entitled plaintiff to a judgment on
the pleadings for the sum of $37.07, admitted by the answer
to be due him. It would appear from the abstract upon which
this cause was tried that the plaintiff, in the court below,
offered no evidence in support of his cause of action. This
inference is deduced from the following motion, interposed in

the trial court, viz.: "Now comes the defendant, and moves the court for a judgment of nonsuit, upon the ground that the plaintiff has failed to prove a cause sufficient to be submitted to the jury, and upon the further ground that plaintiff has entirely failed to produce any evidence whatever." At the same time the following motion was filed: "This thirteenth day of February, 1900, comes plaintiff, above-named, by his attorneys, Bonham, Jeffrey & Martin, and moves the court for judgment upon the pleadings herein for the sum of $37.07, and for costs and disbursements." In *Wood* v. *Ramond,* 42 Cal. 643, it was held that a nonsuit granted on motion of the defendant is equivalent in its operation to a dismissal of the action with the consent of the defendant, even though he set up new matter and asked for affirmative relief in his answer. Plaintiff's counsel rely upon the case adverted to in support of their motion for a judgment on the pleadings. But, whatever the rule may be, we do not think defendant, by moving for a judgment of nonsuit, thereby admitted that his counterclaim was without merit.

2. In our opinion, the motion for the judgment of nonsuit, in effect, presented the question upon whom the burden of proof was imposed. The complaint alleges that the plaintiff was employed to handle and ship grain. The answer denies this averment, "except as hereinafter stated," and affirmatively alleges that he was employed to "buy, weigh, and ship oats," and this averment is not denied in the reply. The answer also contains the following averment: "That the agreement mentioned in this further and separate answer and counterclaim is the same pretended agreement mentioned in plaintiff's complaint, and the oats mentioned and described in this further and separate answer and counterclaim are the same identical oats referred to in plaintiff's complaint, and this counterclaim is based upon and arises out of the same matters set forth in the plaintiff's complaint as the foundation of his pretended cause of action against this defendant." We think there can be no controversy about the identity of the contract set out in the answer and admitted by the reply. The answer

concedes that there was due the plaintiff the sum of $37.07, but seeks to prevent the recovery of any sum by the counterclaim of $71.40 for damages resulting from alleged underweight of grain. The plaintiff, by neglecting to offer any evidence, accepted the averments of the answer, whereby the burden of proof shifted to the defendant to establish his counterclaim as an offset thereto. In our opinion, the court erred in granting the nonsuit, for, there being no issue in respect to the sum admitted to be due by the answer, there was no necessity of introducing any evidence in support thereof: Hill's Ann. Laws, § 94; *Landers* v. *Bolton*, 26 Cal. 393; *Lillienthal* v. *Anderson*, 1 Idaho, 673. But we do not think the plaintiff was entitled to a judgment upon the pleadings, nor believe that the defendant conceded the invalidity of his counterclaim. For these reasons the judgment is reversed and a new trial ordered.                          REVERSED.