NATIONAL RADIATOR COMPANY, Respondent, *v.* GEORGE I. HULL, JR., and C. NELSON CAMP, Appellants.

*Guarantor — when not released by the creditor's acceptance of the debtor's note — it must be pleaded and must not have been taken at the guarantor's instance — denial of a motion to strike out incompetent evidence.*

In an action brought to charge a guarantor upon his contract of guaranty, the defense that the guarantor was relieved from liability by the act of the creditor in accepting, after the maturity of the debt, the debtor's promissory note for the amount thereof, is not available unless pleaded even though the fact is brought out by the plaintiff's evidence.

Such a defense will not prevail, even if pleaded, when it appears that the note was taken by the creditor with the knowledge and consent of the guarantor and at his instance.

The denial of a motion to strike out incompetent evidence, which has been received without objection, does not necessarily constitute a reversible error.

APPEAL by the defendants, George I. Hull, Jr., and another, from a judgment of the Municipal Court of the city of New York in favor of the plaintiff, entered on the 2d day of October, 1902, after a trial before the court without a jury.

*Marshall S. Hagar,* for the appellants.

*J. Woolsey Shepard,* for the respondent.

HIRSCHBERG, J.:

The plaintiff is a foreign corporation, the successor in interest of the Fowler Radiator and Manufacturing Company, also a foreign corporation, whose property and assets the plaintiff was incorporated for the purpose of taking over. The action is brought to recover two invoices of goods sold by the Fowler Company and guaranteed by the defendants, one to Winfield Jarrett and the other to the firm of Lake Brothers. The answer is a general denial and payment of the defendants' account in full to the plaintiff's assignor. There was no claim or pretense on the trial that the defendants have paid either of the accounts sued on, and the fact that they duly guaranteed the accounts is undisputed.

As to the Jarrett claim, the appellants assert that the plaintiff's assignor having taken Jarrett's promissory note for the amount of the debt after its maturity, which presumably operated to extend the credit, they were thereby released from liability on the guaranty. There are certainly two answers to the contention. The release is not pleaded in the answer, and cannot without such plea be established as a defense. The fact that the giving and acceptance of the note was brought out by the plaintiff's evidence does not change the rule. (*Paige* v. *Willet,* 38 N. Y. 28, 31.) But the evidence indicates not only that the note was taken with the knowledge and consent of the defendants, but that they actually were the procuring agency for that purpose, and must be deemed to have waived any claim to a release. The plaintiff's assignor having written to the defendants to the effect that the Jarrett account was unpaid, the defendants wrote in reply that they would see him and see if they could not " hustle him in the payment." Three days later the defendants again wrote to the plaintiff's assignor, saying that they had seen Jarrett, and that " he will send a note to you to-night, with interest in full, and regrets very much that he has kept you waiting."

The appellants further contend that evidence of conversations with a member of the firm of Lake Brothers was improperly received, the defendants not being present during the interview. It is sufficient answer that no objection was taken. After the evidence was in, there was indeed a motion to strike it out, but the denial of such motion under the circumstances is not necessarily reversible error.

The proof established the sale and delivery of the goods and the transfer or assignment of the claims to the plaintiff, and no question being raised as to the validity of the guaranty, the judgment should be affirmed.

GOODRICH, P. J., BARTLETT, WOODWARD and JENKS, JJ., concurred.

Judgment of the Municipal Court affirmed, with costs.