# GILE GROCERY CO. *v.* LACHMUND.

(146 Pac. 519.)

**Guaranty—Discharge of Guarantor—Proceedings Against Principal.**

1.   A guaranty is an absolute undertaking to pay the debt when due, and is not discharged by the failure of the creditor to exhaust his remedy against the principal debtor.

> [As to contract of guaranty, see note in 105 Am. St. Rep. 502.]

**Guaranty—Rights of Guarantor—Application of Payments.**

2.   A guarantor of an open account cannot require a creditor to apply payments made by the principal debtor during the term of the guaranty, to items secured thereby, in the absence of a direction for such application by the debtor, where there is no showing that the guarantor had any interest or lien on the funds with which the payment was made.

**Appeal and Error—Harmless Error—Instructions—Admission of Evidence.**

3.   Where a guarantor's answer alleged that during the time covered by the guaranty the plaintiff delivered to the principal debtor goods of a value exceeding the amount of the guaranty, error in instructing on the question of the value of the goods when there was no evidence of agreed value or reasonable value, and in admitting evidence as to statements of account between the creditor and the principal debtor, was not prejudicial to the guarantor.

From Marion: PERCY R. KELLY, Judge.

Department 1.    Statement by MR. JUSTICE BURNETT.

This is an action by H. S. Gile & Co., against Louis Lachmund.

The complaint alleges, in substance, that between January 4, 1912, and June 12th of the same year, the plaintiff sold and delivered to Robert Glisan merchandise, for which the latter agreed to pay $964.38, all of which was charged to his account; that, though demand has been made upon him for the payment of the same, Glisan has not paid any part thereof, except $317.39.   As affecting the defendant directly, the averments of the complaint are these:

"That on or about the 20th day of January, 1912, defendant herein duly guaranteed the payment of the said account with the said Robert Glisan to the amount of $250, thereby guaranteeing the account then in existence as well as payment for such goods, wares and merchandise as might be furnished to Robert Glisan by plaintiff in the future, and charged to said account, and that the said guaranty was in writing, expressing a consideration, and signed by the defendant. * * That the said defendant has been duly notified of the nonpayment of said account by the said Robert Glisan, and demand has been duly made upon said defendant for the payment of the said account up to and including the amount of his guaranty of $250, but that said defendant has and does now fail, neglect, and refuse to pay the same or any part thereof."

After denying all the allegations of the complaint, except as stated in the answer, the defendant says that subsequent to the commencement of the action an itemized statement furnished by plaintiff on his demand disclosed that:

"The plaintiff, as shown by said statement so furnished, sold and delivered to the said Robert Glisan on and between the 20th day of January, 1912, and the 2d day of July, 1912, goods, wares, and merchandise of the value of $399.92; that on the 20th day of January, 1912, defendant guaranteed to plaintiff the payment of the account of Robert Glisan to the amount of $250, and in such guaranty provided that the same should be valid and binding until the defendant gave notice of the withdrawal and cancellation of the same."

After stating that he gave notice of withdrawal and cancellation of the guaranty July 2, 1912, the defendant further declares:

"That subsequent to the execution of the said guaranty and prior to the 2d day of July, 1912, the said Glisan paid plaintiff on account of goods, wares

and merchandise purchased by him between said dates the sum of $392.66, thereby leaving due plaintiff a balance on account of the sale of said goods the sum of $7.26.''

The balance admitted was offered to the plaintiff prior to the commencement of the action, but was refused. The reply traverses the new matter in the answer, except as set forth in the complaint. A jury trial resulted in a verdict in favor of the plaintiff for $250, and from the resulting judgment the defendant appeals.                                        AFFIRMED.

For appellant there was a brief over the name of *Messrs. Carson & Brown,* with an oral argument by *Mr. John A. Carson.*

For respondent there was a brief and an oral argument by *Mr. Walter C. Winslow.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The defendant maintains that he is not liable upon his contract of guaranty unless the plaintiff first had exhausted all its legal remedies against Glisan without success. Whatever the rule may be in other jurisdictions, it is settled in Oregon against the contention of the defendant by *Delsman* v. *Friedlander,* 40 Or. 33 (66 Pac. 297), Mr. Justice WOLVERTON there saying:

''Primarily, it may be stated as a legal proposition sustained and established by the very great weight of judicial opinion that a guaranty of the payment of a note or other obligation is an absolute undertaking to pay it when due, and that no demand or notice of nonpayment is necessary or requisite to fix the liability of the guarantor; and that mere passiveness on the part of the holder will not release such guarantor,

even if the maker was solvent at its maturity, and thereafter became insolvent''—citing authorities.

2. It seems that the plaintiff's account against Glisan began as early as January 4, 1912, sixteen days prior to the date of the defendant's engagement, and continued to the withdrawal of his guaranty. The defendant argues that he is entitled to have applied to the exoneration of his undertaking all moneys paid by Glisan to plaintiff during the existence of the guaranty. This point is also settled adversely to the defendant's contention by *Trullinger* v. *Crane,* 7 Or. 228 (33 Am. Rep. 708); *Wilson* v. *Allen & Lewis,* 11 Or. 154 (2 Pac. 91); *Anderson* v. *Griffith,* 51 Or. 116, (93 Pac. 934); *Montour* v. *Grand Lodge,* 38 Or. 47 (62 Pac. 524); *Halstead* v. *Griefin,* 173 Ill. App. 551; *Hansen* v. *Rounsavell,* 74 Ill. 238. Under the authorities cited, the plaintiff had the clear right, in the absence of any direction by Glisan, to apply payments made by the latter to that portion of the account not supported by the defendant's guaranty. So far as appears, the latter had no lien upon any of the funds, or the sources thereof, which Glisan paid to the plaintiff. In a sense it may be said that the defendant had no privity of estate in any of the moneys paid by Glisan, and hence could not direct the application of the payments. That was a matter between the principal debtor and the plaintiff, his creditor; and, in the absence of any showing of direction by Glisan, the plaintiff could apply the payment to the unsecured portion of the account at his election.

3. It is assigned as error that:

''The court erred in instructing the jury on the question of the value of the goods for the reason that there was no proof of the agreed value thereof or of the reasonable value of the same.''

Reference to the quoted portion of the answer, however, shows that the defendant himself alleges that between the date of the guaranty and the time it was withdrawn the plaintiff sold and delivered to Glisan goods, wares and merchandise of the value of $399.92. This statement of value coming from the defendant obviates the error assigned, and likewise renders negligible the other specification that the court erred in permitting testimony to be received about statements of account passing between plaintiff and Glisan.

Finding no error, the judgment is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE McBRIDE and MR. JUSTICE BENSON concur.