AMOS R. E. PINCHOT and GIFFORD PINCHOT, Executors of the Estate of MARY E. PINCHOT, Deceased, Appellants, v. I. E. ROSKAM and ROSKAM SCOTT COMPANY, Respondents.

Supreme Court, Appellate Term, First Department, May 23, 1924.

Guaranty — payment — action for rent against corporation tenant and individual guarantor of lease — individual defendant not released on his guaranty by agreement terminating lease — note of third party given in payment not defense — summary judgment for plaintiffs granted.

In an action for rent against a corporation tenant and the individual guarantor of the lease an agreement between the parties for the termination of the lease prior to the expiration of its term did not discharge the individual defendant from his guaranty as to rent already accrued. Neither did the acceptance by the plaintiffs of a note of a third person for the amount of the accrued rent and the extension of time thereunder discharge the individual defendant from the obligations of his guaranty since the lease was signed by him as president of the defendant corporation as was also the termination agreement, and further, the note itself was signed by him as treasurer of the maker and indorsed by him as president of the defendant corporation. Moreover, release from liability by alteration of the guarantor's obligation without his consent must be pleaded affirmatively in order to be available as a defense and the individual defendant did not so plead.

The presumption is that the note received from a third person for a precedent debt was not taken in payment and the burden of proof in showing that it was so taken rests upon the defendant.

APPEAL by plaintiffs from an order of the City Court of the city of New York denying plaintiff's motion for judgment under rules 112 and 113 of the Rules of Civil Practice against the defendant Isaac E. Roskam.

*Hunt & Swiger* (*Jacob Chaitkin*, of counsel), for the appellants.

*Max Shlivek* (*Gustave Menit*, of counsel), for the respondents.

MITCHELL, J. The action was brought to recover rent and certain incidental charges against defendant Roskam Scott Company, a corporation, under a written lease of certain business

premises rented to it by plaintiffs, and against the defendant Isaac E. Roskam on his individual guaranty of the said lease.

The defendant corporation defaulted in appearance. The defendant Roskam interposed an answer denying the principal allegations of the complaint, except the execution of the lease and of the guaranty, and pleaded the defense of payment.

It appears from the affidavits submitted on the motion that on or about September 19, 1923, the parties to the lease agreed to terminate it as of September 30, 1923. The termination agreement was in writing, and pursuant to its terms the defendant corporation, the lessee, vacated the premises on September 30, 1923. Contemporaneously with the execution of the aforesaid termination agreement, the defendant corporation gave to the plaintiffs the note of a third party, the Roskam Motor Sales Company, for $1,756.35, which, it appears, was the amount due from the defendant corporation to plaintiffs for rent and incidental charges under the lease on that date. The note was indorsed by the defendant corporation and was never paid. It is upon the delivery of this note that the defendant Roskam predicates his defense of payment.

The claim of the defendant Roskam that he was released from liability upon his guaranty by reason of the alteration of his obligation without his assent is not set up as a defense in his answer, and is, therefore, not entitled to consideration. *National Radiator Co.* v. *Hull*, 79 App. Div. 109. But even if pleaded, the defense would not be available. The termination agreement, which involved merely a surrender and acceptance of the premises prior to the expiration of the lease, did not result in a discharge of the defendant Roskam, the guarantor, as to rent already accrued, as to which his liability was in no way changed. *Kingsbury* v. *Westfall*, 61 N. Y. 356. Neither did the acceptance of the note of the Roskam Motor Sales Company for the amount of the accrued rent, etc., and the extension of time thereunder discharge the defendant Roskam from the obligations of his guaranty. The lease was signed by him as president of the Roskam Scott Company, as was also the termination agreement. The note itself was signed by him as treasurer of the Roskam Motor Sales Company and indorsed by him as president of the Roskam Scott Company. Under these circumstances, he is precluded from asserting the defense that the obligation of his contract was altered without his individual assent. *American Copper Co.* v. *Lowther*, 25 Misc. Rep. 441; affd., 165 N. Y. 625; *People* v. *Backus*, 52 Hun, 610; *National Radiator Co.* v. *Hull, supra.*

As to the defense of payment, the note was received from a third party for a precedent debt. The presumption is that it was

not taken in payment and the burden of proof of showing that it was so taken rests upon the defendant. *Dibble* v. *Richardson,* 171 N. Y. 131. No facts appear in the affidavit of the defendant Roskam submitted in opposition to the motion which go to substantiate his bare assertion that the note was accepted as payment of the amount due. The letter of the plaintiffs' agent to the defendant Roskam, written at the time of the execution of the termination agreement, shows a clear intention to the contrary on plaintiffs' part. The defendant Roskam does not deny that he received this letter, but seeks shelter behind the assertion that he does not admit having received it. The defendant Roskam's affidavit is devoid of facts which may be deemed sufficient to entitle him to defend this action.

Order reversed, with ten dollars costs and disbursements, and the motion for summary judgment granted, with ten dollars costs.

GUY and GAVEGAN, JJ., concur.

Order reversed and motion granted.