Argued October 8, affirmed November 17, 1925.

# MICHELIN TIRE CO. *v.* AMELIA F. FISHER.

(240 Pac. 895.)

**Guaranty—Guaranty Indemnifying Creditor Against Loss for Money Due Held Conditional Guaranty—Guarantor Liable Only Where Creditor has First Proceeded Against Debtor.**

1. A guaranty indemnifying creditor against any loss on account of money due from debtor is conditional, and guarantor is liable only where creditor has exercised reasonable effort to collect from debtor.

**Guaranty—Construed Favorably to Guarantor Without Hire.**

2. In action on guaranty, where contract was prepared by plaintiff and submitted to defendant, a very old lady, who was guarantor without hire, any doubt as to nature of contract is to be resolved in favor of defendant.

**Contracts—Construction of Written Contract for Court.**

3. Where contract is in writing, its construction is for the court.

Contracts, 13 C. J., p. 784, n. 78.
Guaranty, 28 C. J., p. 886, n. 8, p. 896, n. 10, p. 931, n. 3, p. 934, n. 27, p. 935, n. 31, 33, p. 946, n. 66, p. 971, n. 33, p. 972, n. 44, p. 1019, n. 17, p. 1025, n. 99, p. 1033, n. 19.

From Multnomah: ROBERT TUCKER, Judge.

1. See 12 R. C. L. 1064, 1090.
3. See 6 R. C. L. 862.

Department 1.

This is an appeal from a judgment of nonsuit granted the defendant. The action was brought to recover the sum of $7,227.78 on an alleged guaranty contract. The allegation of the complaint stating the guaranty, so far as is necessary to understand this opinion, is as follows:

"That thereafter, and on or about November 13, 1922, defendant herein made, executed and delivered to plaintiff her guaranty in writing, wherein and whereby, in consideration of the sum of one dollar, the receipt of which was thereby acknowledged, and of said plaintiff delivering, supplying or selling goods, wares and merchandise on credit to, or extending credit in its discretion for goods, wares and merchandise already sold and delivered by the said plaintiff to Theo. G. Williams, said defendant promised and agreed to indemnify the said plaintiff against any loss on account of any moneys which said Theo. G. Williams might, from time to time, owe said plaintiff * * and to guarantee the payment of such indebtedness, and which said guarantee was to remain in full force, etc. * * "

There is no allegation that the plaintiff had suffered any loss as a result of the sale of goods to said Theo. G. Williams. The complaint contains an allegation of a demand made on the defendant prior to commencing the action and her refusal to pay, also allegations that credit was extended to said Williams on the strength of said guaranty, and that he had failed to pay the said sum of $7,227.78. The answer is a general denial of the complaint followed by two affirmative defenses and contains copies of the two contracts of guaranty. So far as is necessary the contracts of guaranty are, 'I agree to indemnify you against any loss on account of any moneys which he may from time to time owe you

* * ," and refers to the instrument as a guaranty. There was no allegation in the complaint of any effort made on the part of plaintiff to collect from said Williams. At the close of taking the testimony, the court granted defendant's motion for judgment of nonsuit because the complaint did not state facts sufficient, and the proof failed to show that the plaintiff had sustained any loss. The case hinges on whether or not the guaranty is absolute or conditional.                    AFFIRMED.

For appellant there was a brief over the name of *Messrs. Hodges & Gay,* with an oral argument by *Mr. C. M. Hodges.*

For respondent there was a brief over the names of *Mr. G. L. Rauch* and *Mr. E. M. Morton,* with an oral argument by *Mr. Morton.*

COSHOW, J.—1. A guaranty is defined in *Gile Grocery Co.* v. *Lachmund,* 75 Or. 122 (146 Pac. 519), as follows:

"A guaranty is an absolute undertaking to pay the debt when due, and is not discharged by the failure of the creditor to exhaust his remedy against the principal debtor." *Depot Realty Syndicate* v. *Enterprise Brewing Co.,* 87 Or. 560 (170 Pac. 294, 171 Pac. 223); Stearns on Suretyship (3 ed.), 5, § 6; 28 C. J. 886.

An absolute guarantor's liability is fixed according to the terms of the guaranty. When the principal debtor defaults the guarantee is not required to pursue the debtor, but may at once require the guarantor to pay the debt.

A conditional guarantor, however, or one who indemnifies against loss, is not liable to the guarantee

unless and until he has exercised reasonable effort to collect from the principal debtor,—that is, the person whose performance was guaranteed: 23 C. J. 970, § 123; Stearns on Suretyship (3 ed.), 74, § 62; 12 R. C. L., 1064, § 13; *Burton* v. *Dewey,* 4 Kan. App. 589-591 (46 Pac. 325); *Pierce* v. *Merrill,* 128 Cal. 464 (61 Pac. 64, 79 Am. St. Rep. 56). Both the allegations in the complaint and the contract itself expresses clearly, the undertaking of the defendants to this effect: "I agree to indemnify you against any loss on account of any moneys which he may from time to time owe you." This is in effect a conditional guaranty. That being so it was necessary for the plaintiffs to endeavor to collect from said Williams before suing the defendant on her contract of indemnity.

"The intention of the parties to a contract of guaranty, when ascertained, is to prevail as in other contracts; still, it is said that it is now too well settled to admit of doubt that a guarantor, like a surety, is bound only by the strict letter or precise terms of the contract of his principal, whose performance he has guaranteed; that he is in this respect a favorite of the law, and that a claim against him is *strictissimi juris.* (*Kingsbury* v. *Westfall,* 61 N. Y. 356.) And in determining the liability of a surety or a guarantor, it must be remembered that he is a favorite of the law, and has the right to stand upon the strict terms of his obligation, when such terms are ascertained." *Staver & Walker* v. *Locke,* 22 Or. 519-524 (30 Pac. 497, 29 Am. St. Rep. 621, 17 L. R. A. 652); *The W. T. Rawleigh Co.* v. *McCoy,* 96 Or. 474-482 (190 Pac. 311); Stearns on Suretyship, 59-62, § 50; 28 C. J. 930-937; *Noble* v. *Beeman et al.,* 65 Or. 93, 101 (131 Pac. 1006, 46 L. R. A. (N. S.) 162).

2, 3. The record discloses that the contracts of guaranty were prepared by the plaintiff and sub-

mitted to the defendant, who is a very old lady, and that she was a guarantor without hire; consequently if any doubt exists as to the real nature of the contracts sued upon it should be resolved in favor of the defendant. The contract being in writing its construction is for the court. All of the decisions of this court cited by plaintiff involved absolute guaranties: *Schucking* v. *Young*, 78 Or. 495 (153 Pac. 803); *Miller* v. *Head Camp*, 45 Or. 192 (77 Pac. 83); *Smith's Estate*, 43 Or. 596 (73 Pac. 336, 75 Pac. 133); *Davenport* v. *Dose*, 40 Or. 336 (67 Pac. 112). The theory on which the plaintiff presented its case is that the contracts are absolute guaranties. The allegations of the complaint as well as the contract itself disclose a conditional guaranty. For these reasons the learned Circuit Court was correct in granting the nonsuit. The plaintiff has asked this court to render judgment in its favor on the record, thus recognizing that the case should be disposed of in this court by construing the contracts of guaranty. Before the plaintiff could have recovered judgment against the defendant, it must have both pleaded and proved that it has made reasonable effort to collect from said Williams whose performance was guaranteed. No pretense is made that such has been done. There has been no effort to prove that plaintiff has suffered any loss. It has gone no further than to allege and adduce evidence to the effect that Williams did not pay at maturity. This is not enough.

Other interesting questions are discussed in the briefs, but in the light of our conclusions need not be passed upon. The judgment of the Circuit Court is affirmed.                                                  AFFIRMED.

McBRIDE, C. J., and BURNETT and RAND, JJ., concur.