## Simon Abeles v. Adolph Cohen.

1. Bond of Indemnity; *Action by Obligee.* The obligee of a bond of indemnity has no cause of action against the obligor, which he can set up as a counter-claim or set-off in an action brought by the obligor against the obligee, unless he has sustained some loss covered by the bond, or would sustain some such loss by reason of a recovery against him in such action.

2. Evidence; *Purchase; To whom Credit given; Examination of Witness.* Where a witness who has sold goods to another, who purchased them for the purpose of keeping up a stock of goods, is testifying as to whom he gave the credit, he may testify as to whom he supposed the stock of goods belonged, such testimony tending to show to whom he gave the credit.

3. Instructions, *need not be repeated.* A court is not bound to give the same instruction to the jury more than once.

4. New Trial; *Surprise.* Where a new trial is asked on the ground of "surprise which ordinary prudence could not have guarded against," and where the surprise relied on is that a witness of the adverse party testified differently on the trial from what he had done on a former trial, and where no effort had been made to impeach the testimony of such witness, although it is admitted that several persons were present at both trials and heard the testimony of such witness, *held,* that a new trial should not be granted.

5. Verdict; *New Trial; Weight of Evidence.* Before the supreme court will reverse an order of the district court overruling a motion for a new trial on the ground that the verdict "is not sustained by sufficient evidence," it must clearly appear that a great preponderance of the evidence is against the verdict, or against some material fact necessary to uphold the verdict.

6. Owner of Goods; *Liability.* The owner and proprietor of a stock of goods kept for sale is *prima facie* responsible for the debts created in the keeping up of the stock for the purpose of effecting a better sale of the entire stock.

*Error from Leavenworth District Court.*

Cohen sued *Abeles* before a justice of the peace upon an account for goods sold and delivered. The case was appealed to the district court, where it was tried in May, 1870. The

facts are fully stated in the opinion. Verdict and judgment for *Cohen* for $139.98, and *Abeles* brings the case here on error.

*Green & Foster*, for plaintiffs in error. [All the propositions contained in their brief are set forth in the opinion of the court.]

*J. L. Pendery*, for defendant in error:

1. Two objections were made by defendant to the introduction of testimony. The grounds of the objections were not stated, and therefore the objections were properly overruled. The testimony was competent and relevant. The understanding of the plaintiff in regard to the responsible proprietorship of the store to which his goods were sold and delivered is proper for the consideration of the jury in determining to whom he gave credit in selling them. 5 Kas., 477.

2. Abeles admitted that he had more than enough in his hands at the time of the commencement of this suit, realized from the sale of the stock of goods, to pay the full amount of the plaintiff's claim. If Lauber was his agent, and purchased by authority, then it was immaterial whether he had made or lost in the business; and no liability attached on the bond of plaintiff and others.

3. Whatever conclusions this court might derive from a perusal of the testimony as to the preponderance, as the jury have passed upon it this court will not reëxamine it. There was plain and positive testimony on both sides. The jury, noticing the manner of the witnesses, hearing their testimony, seeing their conduct, found the facts in Cohen's favor, and the court before whom the case was tried has approved their verdict, and rendered judgment thereon. We claim the verdict was in accordance with the preponderance, but whether it is or no, it is now too late to reëxamine. 3 Kas., 377; 5 Kas., 58, 82, 311; 7 Kas., 280.

4. The instructions asked for by defendant and refused had previously been given in substance by the court. The court is

under no obligation to repeat.   5 Kas., 311;  6 Kas., 371, 471; 7 Kas., 156.

5. The motion for a new trial was properly overruled.   Even if it were true that Lauber had in all respects changed his testimony since he testified before the justice of the peace, yet, inasmuch as witnesses were, as appears from the record, present in the court room, and known to defendant, who heard both trials, and no effort to impeach or contradict Lauber made, it is too late to rely upon that on a motion for a new trial. 2 Chitty, 194;  3 Gra. & Wat., 964;  3 Johns., 255.

The opinion of the court was delivered by

VALENTINE, J.:  Adolph Cohen as plaintiff brought his action in the court below against Simon Abeles on an account for goods sold and delivered.   The admitted facts seem to be substantially as follows:  M. Lauber was in failing circumstances as a merchant.   H. W. Kartzenberg & Co. took possession of his stock of goods under a chattel mortgage to them, and closed his store.   Lauber's friends, among whom was the plaintiff, desired to help him.   Abeles, at their request assumed the payment of his debts to Kartzenberg & Co., and Cohen and others gave an indemnity bond to Abeles.   Abeles also took a bill of sale of said goods from Kartzenberg & Co., with the consent of Lauber, to himself.   The store was then reopened.   Lauber was placed in possession, and he transacted the business connected therewith in the name of " M. Lauber, salesman."   Lauber bought the goods for which Cohen sues Abeles.   They were purchased for the purpose of keeping up said stock of goods, and were made a part thereof.   Abeles afterwards took possession of said stock of goods under his bill of sale from Kartzenberg & Co., and had them sold at auction.   He realized enough from the sale of the goods to pay all debts of Lauber for which he was liable, and had $152.37 left.   Cohen then sued him for $139.98 and interest.   Abeles then paid said $152.37 to Lauber, less certain attorney's fees.   The disputed facts seem to be substantially as follows:   Whether said bill of sale was an absolute sale or chattel mortgage:   Whether Abeles

took possession of the goods himself when he received the bill of sale, and simply allowed Lauber to do the business connected therewith as his agent, or whether Lauber retook possession of the goods as his own or as mortgagor: Whether Abeles authorized Lauber to purchase goods from Cohen and others on his credit, and whether Cohen gave the credit to Lauber or to Abeles. The jury found generally for the plaintiff Cohen, and against the defendant Abeles, and assessed the damages at $139.98.

In the investigation of this case we shall follow the brief of counsel for plaintiff in error, (defendant below.) The first point that plaintiff in error makes is, "That the court erred in charging the jury that no defense could arise out of the bond of indemnity executed by Cohen and others to defendant." The charge complained of is as follows: "In regard to the bond spoken of as executed by plaintiff and others to defendant, inasmuch as defendant concedes that at the time of the commencement of this suit he had in his possession, over and above all that he paid out, and interest thereon, as the proceeds of this stock of goods, more than enough to pay the account of plaintiff, I charge you that no counter-claim nor set-off can arise out of it." This instruction we think explains itself, and is correct for this case.

1. Bond of indemnity; action by obligee.

Second: Plaintiff in error claims that "The court erred in permitting Cohen to testify on the trial that he supposed all the time that the store belonged to Abeles, and that he was responsible for all goods received at that store." This was competent evidence to show, in connection with other, (and it was given for that purpose,) that Cohen gave the credit to Abeles and not to Lauber; and it does not appear from the record that it was used for any other purpose.

2. Witness; evidence; examination.

Third: It is also claimed by plaintiff in error that "The court erred in refusing to give the following instruction asked for by Abeles: 'That the mortgagee of personal property still in possession of the mortgagor is not responsible for any purchases or other indebtedness created

3. Instructions need not be repeated.

by the mortgager concerning the mortgaged property.'" This instruction was in substance given to the jury twice, and the court was not bound to give it to the jury the third time.

Fourth: The plaintiff in error further claims that "The court erred in refusing to give to the jury the instruction asked for below, 'That if the jury believe from the evidence that the plaintiff Cohen sold the goods to M. Lauber, and that the credit was given to M. Lauber, and Lauber only, the defendant Abeles cannot be charged therefor except upon his promise in writing to pay for them.'" This instruction was in substance given to the jury once, and the court could not be required to give it a second time.

Fifth: "Plaintiff in error further claims that he was entitled to a new trial on the ground of surprise." The surprise for which the defendant below desired a new trial, was, that the witness Lauber testified differently on this trial from what he had done on a former trial of the same case in a justice's court. It is admitted that the same counsel tried the case in both courts, and it is probable also that the same witnesses attended and testified at both trials, for the defendant below in his affidavit for a new trial does not pretend to say that such was not the case. In fact, from anything that appears in the affidavit twenty persons may have been present and heard Lauber's testimony on both trials. Now the defendant does not seem to have been surprised until after the verdict, for if he had been before that time, and during the trial in the court below, he could have easily impeached Lauber's testimony (if it was really different as he claims it was on the two trials,) by the testimony of his own counsel, the testimony of the plaintiff's counsel, and the testimony of any person who was present and heard Lauber's testimony at the two trials. But strange if he really was surprised he made no attempt to impeach Lauber's testimony. We fail to perceive any "surprise which ordinary prudence could not have guarded against."

*4. New trial; surprise.*

Sixth: The plaintiff in error insists that the court erred in not granting a new trial upon the ground that "the verdict

5. Verdict, weight of evidence. was not sustained by sufficient evidence, and was contrary to law." The evidence upon some of the points was conflicting, and possibly upon one or two of them the weight was with the defendant below; but still there was some evidence upon every point, and we think sufficient to sustain the verdict. But before we can reverse the order of the district court for the reason that the verdict was not sustained by sufficient evidence, it must appear clear that a great preponderance of the evidence was against the verdict or against some material fact necessary to uphold the verdict. In many cases where the district court ought to set aside the verdict and grant a new trial for the said reason the supreme court cannot do so because the supreme court cannot weigh the testimony as it appears on paper as well as the district court can who hears it as it falls from the lips of the witness. The verdict was certainly not against the law. The plaintiff in error says that " The evidence nowhere shows any authority whatever from Abeles to Lauber to purchase goods either express or implied, nor any promise of Abeles to pay this or any other debt of Lauber's contracting." Counsel must have forgotten Lauber's testimony, and they must also have forgotten what the plaintiff in error states in his affidavit for a new trial that Lauber testified to.

Seventh: The plaintiff in error also claims that " the court erred in charging the jury at Cohen's request that the owner and proprietor of a stock of goods kept for sale is *prima facie* responsible for the debts created in the keeping up of the stock for the purpose of effecting a better sale of the entire stock." This we think is a correct statement of the law upon this subject.

6. Owner of goods; *prima facie* evidence.

The judgment of the court below is affirmed.

KINGMAN, C. J., concurring.

BREWER, J., not sitting in the case.