JOHN M. BURTON *et al.* v. C. P. DEWEY *et al.*

No. 87.

GUARANTY—*When Action Accrues.* A cause of action does not accrue on a guaranty of indemnity against loss, as the result of the nonpayment of a debt, until it is shown that the debt is not by reasonable effort collectible from the principal debtor.

MEMORANDUM.— Error from Rawlins district court; G. WEBB BERTRAM, judge. Action by C. P. and A. B.

Dewey, copartners as C. P. & A. B. Dewey, against John M. Burton and others on a guaranty of a note. Judgment for plaintiffs. Defendants bring the case to this court. Reversed. The opinion herein, filed October 9, 1896, states the material facts.

*A. H. Ellis*, *F. T. Burnham*, and *Dempster Scott*, for plaintiff in error John M. Burton; *D. M. Valentine*, and *R. S. Hendricks*, of counsel.

*Bertram & McElroy*, for defendants in error.

The opinion of the court was delivered by

GARVER, J.: May 1, 1891, C. P. & A. B. Dewey, as plaintiffs, commenced this action in the district court of Rawlins county against Michael Flaherty and others on a note and mortgage executed by the said Michael Flaherty in favor of plaintiffs for $500. The plaintiffs in error, Burton & Hendricks, were joined as defendants, a personal judgment being asked against them for the amount of the note and interest on the following guaranty:

"ATWOOD, KAN., April 25, 1887.

"For a valuable consideration, we hereby guarantee C. P. & A. B. Dewey, of Chicago, Ill., against any loss by reason of a loan of $500 negotiated by us as agents for said C. P. & A. B. Dewey, said loan being secured by mortgage on the west half of the northwest quarter and the west half of the southwest quarter of section 22, township 1 south, range 36 west, in Rawlins county, state of Kansas. Said notes and mortgage have been executed by Michael Flaherty.

BURTON & HENDRICKS."

Trial was thereafter had by the court and a jury, upon the issues joined between the plaintiffs and Burton & Hendricks — the other defendants being in default — and a judgment was rendered upon the verdict

of the jury adjudging the amount due on the note and mortgage, to wit, $803.85, to be a first lien upon the mortgaged premises, and directing, in case of the failure of the defendants to pay said sum within six months from the date of judgment, that an order of sale issue for the sale of the mortgaged premises without appraisement, and that the proceeds thereof should be applied to the payment of the costs, taxes, and said judgment debt. Personal judgment was also rendered at the same time against said Burton & Hendricks for the amount found to be due on said note, and directing that, after sale of said lands and application of proceeds, "let execution issue, on demand, against the property of defendants John M. Burton and R. S. Hendricks." At the time said action was commenced Michael Flaherty was dead. His legal heirs were made parties to the suit, but his executor or administrator, if there was one, was not brought into court. Burton & Hendricks now complain of this judgment, contending that they had assumed no such obligation as that put upon them by the judgment of the court. Both in the petition of the plaintiffs and upon the trial of the case, the guaranty of the defendants Burton & Hendricks was treated as a guaranty of payment of the Flaherty debt. This was clearly an erroneous view of the matter. The language of the writing is not ambiguous, and plainly expresses the nature and extent of the obligation. It is familiar law that the liability of a surety or guarantor is not to be extended beyond the precise terms of his contract. When the language of the contract is plain it must control. (*Kepley v. Carter,* 49 Kan. 72 ; *Kingsbury v. Westfall,* 61 N. Y. 356.)

There is a well-understood difference between a guaranty of payment and a contract of indemnity

against loss, as the result of the nonpayment of a debt. In the first case the liability of the guarantor is fixed by the failure of the principal debtor to pay at maturity, or at the time when payment was guaranteed. In the second the contract partakes of the nature of a guaranty of collection, no liability being incurred until after, by the use of due and reasonable diligence, the guarantee has become unable to collect the debt from the principal debtor. A guaranty of collection or a guaranty against loss as the result of the failure to collect a debt places upon the one for whose benefit the guaranty is made the duty of making a reasonable effort to collect the debt from the principal debtor; and a cause of action does not accrue thereon until after such effort has been made and proved unavailing. There is no right of action upon such contingent liability immediately upon the failure of the principal to perform. In the case under consideration, how can it be said that the plaintiffs have sustained or will sustain a loss on account of the Flaherty loan without any evidence that the mortgaged premises are not sufficient to satisfy the debt, and without any claim that the Flaherty estate is insolvent? The petition consequently fails to state a cause of action against Burton & Hendricks. To make out a case against them, the petition should allege and the evidence should prove the actual loss sustained on account of said loan. This was not attempted to be done in this case, and necessarily could not be done, as the property of the principal had not been exhausted. (*Abeles v. Cohen*, 8 Kan. 180; *McNall v. Burrow*, 33 id. 495; *Dana v. Conant*, 30 Vt. 246; *Gilbert v. Wiman*, 1 N. Y. 550; *Kohler v. Matlage*, 72 id. 259; *Jeffers v. Johnson*, 21 N. J. Law, 3; *Thompson v. Taylor*, 30 Wis. 68.)

It follows, therefore, that this action as to Burton & Hendricks was prematurely commenced, and the objection to the introduction of evidence should have been sustained. Other matters are presented in the briefs of counsel, but, in the view we take of the principal question involved, their consideration is unnecessary.

The judgment against Burton & Hendricks will be reversed, and the case remanded, with directions to enter judgment upon the pleadings in their favor for costs.

All the Judges concurring.