ECKHART, Respondent, v. HEIER, et al, (GUNDERT, Appellant).

(158 N. W. 403.)

(File No. 3894.    Opinion filed June 27, 1916.)

**Contracts—Guaranty—"Stand Back of" Note—Guaranty, Distinguished from Indemnity—Statute.**

A party who, for a good consideration, agreed in writing with the payee of a note, that he would "stand back of and become responsible for" the loan evidenced by the note, thereby became a guarantor, within the meaning of Civ. Code, Sec. 1969, defining guaranty as a promise to answer for the debt, default, or miscarriage of another, and is not a mere indemnitor; the covenant in a guaranty being collateral to the principal contract of the maker of the note, while a covenant of indemnity, being one against loss through non-payment, is not collateral to the main contract, and the failure of the third party to pay is not a breach of the indemnitor's covenant, while in the case of a guarantor, the covenant is broken by non-payment of the note. **Held,** further, that a contract of indemnity is not one to answer for the contractual debt, default or miscarriage of another by the promisee, but is a contract to indemnify from loss owing to his contractual liability; and it is such because by it the promisor "engages to save another harmless from the legal consequences of the conduct * * * of some other party;" Civ. Code, Sec. 1959.

Appeal from Circuit Court, Edmunds County.    Hon. Joseph H. Bottum, Judge.

Action by B. A. Eckhart, against Johannes Heier and others, for foreclosure of a realty mortgage.   From an order overruling a demurrer to the complaint, interposed by the defendant, J. B. Gundert, said defendant appeals.    Affirmed.

*C. O. Newcomb,* and *E. L. Grantham,* for Appellant.

*Frank Turner,* for Respondent.

Appellant cited: Guaranty, as defined by Black's Law Dictionary; Indemity: Civ. Code, Sec. 1959; Elkins v. Timblin (Pa.) 25 Atl. 139; Brewster v. Countryman, 12 Wendell 446; Hoye v. Hansboro (Miss.) I Freem. Ch. 533; Walker v. Hoppock, 73 U. S. 94; Kingsbury v. Westfall, 61 N. Y. 350; Bullock v. Lewis, 125 Pac. 849.

Respondent cited:  Guaranty: Words and Phrases, p. 6178; McNabb v. Clipp 31 N. E. 358.

Respondent submitted that: The language of part of the obligation set out in the complaint is "stand back of." The language involved in Mosby v. Larue 136 S .W. 887 was "stand behind." We take it that "stand back of" and "stand behind" may fairly be said to be similar in meaning. The Larue case was one in which the vendor had agreed to "stand behind" a team of mules he was selling. According to the logic of appellant, and under their contention that the words of a guaranty must be strictly construed, the words last quoted would mean that the vendor would perform an act requiring great personal courage, to-wit: that he would hover about the rear end of a team of mules, but the Supreme Court of Kentucky very properly held that the words simply amounted to a warranty of the mules. (Reporter's Note.)

*Quaery,* whether, strictly construed, respondent's contention necessarily implies that the phrase "stand behind," as interpreted by respondent's counsel, and by the Kentucky court as holding, in the view of said counsel, that the phrase was one of "warranty of the mules," means that such warranty embraced one against the well-known propensity of those animals?

In this latter connection, and as bearing upon respondent's interpretation of appellant's logic, see, for a definition of "kicker," 5 Words and Phrases, 3928.

To "stand for" goods sold to plaintiff at defendant's instance, means that defendant would become guarantor to plaintiff for that amount.  7 Words & Phrases, 6624; Pake v. Wilson, 28 So. 665, 127 Ala. 240.

That the contract in question was one of indemnity, Respondent cited: Vanderbilt v. Schreyer 91 N. Y. 392.

WHITING, J.  This cause is before us on an appeal from an order overruling a demurrer to the complaint.  Plaintiff seeks the foreclosure of a real-estate mortgage, and the party demurring was made a party defendant because, as alleged in said complaint:

"In order to induce plaintiff to accept the said principal note, interest coupons, and the said mortgage, and advance

moneys thereon, the said bank and the said J. B. Gundert [this appellant] for a valuable consideration, promised and agreed [in writing] to and with plaintiff that they would stand back of, and become responsible for, the said loan and the principal note and interest coupons."

It is the contention of appellant that such allegation shows him to be a mere indemnitor; that his liability does not arise until plaintiff has been unable to collect from the makers of the note; and that, for those reasons, the complaint does not show a cause of action to have accrued. Respondent contends that, where one contracts to "stand back of and become responsible for" a note, such contract is one collateral to the contract evidenced by a note, and is one to answer for the debt or default of another, thus being, under section 1969, C. C., a contract of guaranty.

[1] The authorities recognize the essential difference between a guaranty of a note, which is a covenant to pay same, and a covenant of indemnity against loss through non-payment. The distinction arises out of the terms of the contract. In the case of a guaranty the covenant is collateral to the other contract and the failure of the third party is a breach of the terms of the contract of guaranty; in the other case the covenant is not collateral to the other contract, and the mere failure of the third party to pay is not a breach of the indemnitor's convenant—he did not covenant that he would pay but covenanted merely to make good any loss resulting from non-payment. Wicker v. Hoppock, 73 U. S. (6 Wall.) 94, 18 L. Ed. 752; Burton v. Dewey, 4 Kan. App. 589, 46 Pac. 325. One does not merely covenant to save a payee of a note harmless when he covenants to "stand back of and become responsible for" the note. His covenant is collateral to the contract evidenced by such note. It is the note —the contract evidenced thereby—that he covenants to stand back of and be responsible for. He covenants that the note will be paid and such covenant is broken by its nonpayment. A contract of guaranty is a collateral undertaking which presupposes another contract, existing or anticipated, containing covenants of some third party running in favor of the guarantee. It is the performance of such covenants that the promisor guarantees. It is thus a contract to answer for the debt, default, or miscarriage

of another. Upon the other hand, a contract of indemnity is one which, if it refers to and is founded upon another contract, either existing or anticipated, covenants to protect the promisee from some accrued or anticipated liability, arising upon such other contract; it is not a contract to answer for the contractual debt, default, or miscarriage of another than the promisee, but a contract to indemnity the promisee from loss owing to his contractual liability. 20 Cyc. 1402; 22 Cyc. 80; 16 Am. & Eng. Ency. Law, 168. Of course there are many contracts of indemnity that have no reference to the indemnitee's covenants contained in some other contract, but are entered into to indemnify the promisee against losses from something other than his contractual liabilties. Thus there can be a contract indemnifying the promisee against loss growing out of an act or failure to act. Such is a contract to indemnify one for loss that may grow out of a third party's failure to perform a contract, such as such party's failure to pay his note given to the indemnitee. Such a contract is one of indemnity because by it the promisor "engages to save another harmless from the legal consequences of the conduct * * * of some other party." Section 1969, C. C. Under the facts alleged in the complaint, appellant bound himself as a guarantor.

The order appealed from is affirmed.