ECKHART, Appellant, v. HEIER et al., Respondents.

(162 N. W. 150.)

(File No. 3880.    Opinion filed April 2, 1917.    Rehearing denied
May 23, 1917.)

1. Contracts—Bank Guaranty—Illegal Contracts as Ultra Vires.

Contracts that are illegal are ultra vires.  So held, in deter-
mining whether, under certain circumstances, a banking cor-
poration· may enter into a contract of guaranty.

2. Banks and Banking—Guaranty by—Contract to "Stand Back of,"
"Become Responsible For" Note, Whether "Illegal Under
Facts Pleaded"—Presumption of Corporate Action Within
Powers, Effect re Pleading.

A complaint in foreclosure of a realty mortgage securing the
note in suit, which alleged that a corporation bank· defendant,
in order to induce plaintiff to accept the note, interest coupons
and mortgage, and to advance moneys thereon, agreed in
writing that it would "stand back of, and become· responsible
for" said loan and note and coupons, stated a cause of action
against the bank as guarantor of the note, as against a demur-
rer on ground that such guaranty was "illegal under the facts
pleaded;" and this, although no facts were pleaded to bring
the case within some circumstances authorizing a bank to
guarantee repayment of such loan; since, there being a general
presumption that a corporation is acting within its powers, and
proof of the guaranty and the default by maker would make out
a prima facie case for plaintiff, it was unnecessary to negative
in the complaint circumstances which defendant must affirma-
tively prove as a defense.

Appeal from Circuit Court, Edmunds County.    Hon. JOSEPH
H. BOTTUM, Judge.

Action by B. A. Eckhart, against Johannes Heier and others,
for foreclosure of a realty mortgage, and· to recover upon an al-
leged guaranty of repayment of the secured note against defend-
ant J. B. Gundert and Farmers State Bank of Tolstoy, defendant
and respondent.    From an order sustaining a demurer to the
complaint, plaintiff appeals.    Order reversed.

*Frank Turner*, for Appellant.

*C. O. Newcomb*, and *E. L. Grantham*, for Respondent.

(1.) To point one of the opinion, Respondent cited:  Zane
on Banking, Sec. 33, p. 61; Marshall on Corporations, p. 260;
Pearce v. Madison & Indianapolis Railroad Co., 62 U. S. 441.

(2.) To point two of the opinion, Appellant cited:    10
Cyc. 1155.

Respondents cited: Brown v. Needles National Bank, 36 C. C. A. 553, 94 Fed. 925; Bank v. Pirie, 27 C. C. A. 171, 82 Fed. 799; Laws 1909, Chap. 222, par. 34; Civ. Code, Sec. 1969.

WHITING, J.  This cause is before us on an appeal from an order sustaining a demurrer to the complaint.  Plaintiff seeks the foreclosure of a real estate mortgage and the respondent herein, together with one Gundert, were made parties defendant because as alleged in said complaint:  ·

"In order to induce plaintiff to accept the said principal note, interest coupons, and the said mortgage, and advance moneys. thereon, the said bank and the said J. B. Gundert, for a valuable consideration, promised and agreed [in writing] to and with plaintiff that they would stand back of, and become responsible for, the said loan and the principal note and interest coupons."

Both this respondent and the said Gundert interposed demurrers to the complaint upon the ground that the same failed to state facts sufficient to constitute a cause of action—both contending that the words above quoted were insufficient to allege a contract of guaranty; and respondent further contending that, if such words are sufficient to allege a contract of guaranty, such guaranty is unenforceable as against this respondent for the reason that such guaranty "is illegal under the facts pleaded." This above-quoted allegation of the complaint was construed by this court upon an appeal from an order of the trial court overruling defendant Gundert's demurrer to the complaint, and we held that it alleged a contract of guaranty.  Eckhart v. Heier, 158 N. W. 403.  The sole question remaining is whether the complaint was subject to demurrer because such guaranty was "illegal under the facts pleaded."  The complaint contains no allegation whatsoever as to the nature or amount of the consideration received by respondent, which caused it to enter into this contract of guaranty.  Respondent states that:

"Our contention is not that the contract is ultra vires, but that it is illegal under the facts pleaded."

And it further states:

"We concede that the contract is not ultra vires, for that the bank may, under certain circumstances not alleged in the complaint, have guaranteed the payment of the loan.  The contract.

however, to be valid, must have been made by way of rediscount or transfer of the paper in the ordinary course of business."

[1, 2] Contracts that are illegal are certainly ultra vires. The sole question that is presented under this record is whether or not, in case it be true that under certain circumstances a bank cannot guarantee paper, it was necessary for the plaintiff, in order to plead a good cause of action, to negative such circumstances by affirmatively alleging facts showing the circumstances surrounding this transaction to be such as to authorize the bank to enter into such contract of guaranty. It apparently was the view of the trial court that such allegations were necessary.

As conceded by the respondent, a bank may under certain circumstances enter into a contract of guaranty. Thus, in 7 C. J., under the title of "Banks and Banking," at section 239, it is stated:

"It has been held that a bank may guarantee the payment of a bond and mortgage to a party who has advanced money thereon for the benefit of the bank."

And in 3 R. C. L., under the title of "Banks" at section 54, it is stated that, among other situations where a bank may guarantee a note:

"Where a loan is to be made to a debtor of a bank in order that he may pay his indebtedness to the bank, the bank has power to guarantee the repayment of the loan to the extent of the money it is to receive from its debtor."

It being, then, established by authority that, under certain circumstances, this defendant and respondent could have guaranteed the note in question, was it necessary for plaintiff to allege some such circumstances? We apprehend that the proper answer to this question depends entirely upon what it would be necessary for plaintiff to prove to make out a prima facie case, and that this, in turn, depends upon the presumption that exists in relation to the character of the acts of a corporation as regards their being ultra vires or not. In 10 Cyc. pp. 1155 and 1156, it is held that there is a general presumption that a corporation is acting within its powers, and it is stated that:

"If it has the power to do a given act or to make a contract of a given nature under prescribed conditions, then the principle

operates to create the presumption that those conditions existed in the particular instance."

As illustrative of this rule, two cases are cited: One wherein it is held that, if a corporation has power to hold and convey real estate for some purposes, it will be presumed until the contrary is shown that the real estate conveyed by it was taken, held, and conveyed by virtue of such power; in the other case where a bank has power to hold real estate in satisfaction of its debts, where the bank did acquire real estate, it will be presumed that it took the same in satisfaction of debts. We are thus presented with this situation: If appellant should offer in evidence the note, the proof of guaranty, and the default on the part of the maker (it being conceded that, under certain circumstances, respondent could enter into a binding contract of guaranty), the above-quoted presumption would step in and no further proof would be necessary to make out a prima facie case. Certainly it is unnecessary for appellant, in his complaint, to negative that which respondent must affirmatively prove as a defense.

At this time we deem it unnecessary to, and therefore do not, express any opinion in relation to the limitations that the law places upon the power of a banking corporation to enter into a contract of guaranty. That there are circumstances under which it can do so is clearly established by authority, and is conceded by respondent.

The order appealed from is reversed.