[L. A. No. 5285. Department One.—March 17, 1920.]

## THE OHIO ELECTRIC CAR COMPANY (a Corporation), Respondent, v. GIDEON LE SAGE, Appellant.

[1] APPEAL—SUFFICIENCY OF COMPLAINT.—The objection that a complaint does not state facts sufficient to constitute a cause of action is not waived by the failure to demur, but may be raised for the first time upon appeal.

[2] PLEADING—CONSTRUCTION OF COMPLAINT.—Where the objection that a complaint does not state a cause of action is not made until after judgment, the pleading will be liberally construed, and if the necessary facts appear by implication only, or as a conclusion of law, the complaint will be upheld, but where there is an entire absence of an essential allegation, the complaint will be held bad, even when the point is first raised upon appeal.

[3] ACTION OF GUARANTY — PLEADING — INSUFFICIENT COMPLAINT. —.A complaint in an action upon a guaranty to hold an electric car company whole and harmless from any and all loss or damage in selling automobiles to an agent upon terms is insufficient where there is no allegation that the plaintiff has suffered any loss or damage, or that it has taken any legal proceedings to collect from the agent indemnities alleged to be due it, or that the agent is insolvent, or that for any other reason legal proceedings against it would be unavailing.

[4] GUARANTY—CONSTRUCTION.—The language of a guaranty is to receive a fair and reasonable interpretation upon the same rules of construction that are applicable to other written instruments, but the liability of the guarantor cannot be extended by implication beyond the terms of the guaranty when so construed.

[5] ID.—SALES OF AUTOMOBILES TO AGENT UPON TERMS—AGREEMENT TO HOLD SELLER HARMLESS FROM LOSS OR DAMAGE—NATURE OF GUARANTY.—A guaranty to hold an electric car company whole and harmless °from any and all loss or damage in selling automobiles manufactured by it to an agent upon terms is not an unconditional guaranty, as described in section 2806 of the Civil Code, so as to come within the rule of section 2807 that a guarantor of payment or performance is liable to the guarantee immediately upon the default of the principal, and without demand or notice, but it is, in effect, a guaranty of collection such as that mentioned in section 2800, which imports that the debtor is solvent and that the demand is collectible by the usual proceedings, if taken with reasonable

4.   Construction of contract of guaranty, note, 105 **Am. St. Rep.** 519.

diligence, and, if such proceedings are not taken, the guarantor is discharged unless no part of the debt could have been collected thereby, or unless the principal obligor has removed from the state leaving no property therein from which the obligation might be satisfied.

[6] ID.—GUARANTY OF PAYMENT—CONTRACT OF INDEMNITY AGAINST LOSS FROM NONPAYMENT—DISTINGUISHING FEATURES.—In the case of a guaranty of payment, the liability of the guarantor is fixed by the failure of the principal debtor to pay at maturity, or at the time when payment was guaranteed, but in the case of a contract of indemnity against loss as the result of nonpayment, the contract partakes of the nature of a guaranty of collection, no liability being incurred until after, by the use of due and reasonable diligence, the guarantee has become unable to collect the debt from the principal debtor.

[7] ID.—ACTION ON GUARANTY—INSUFFICIENT COMPLAINT—FINDINGS—DEFECT NOT CURED.—The insufficiency of the complaint in an action on a guaranty by reason of failure to allege that any effort had been made to collect the guaranteed debt from the principal is not cured by findings which merely state in language similar to that of the complaint with respect to each item found to be owing from the principal to the plaintiff that no part of the same has been paid to the plaintiff, that a demand had been made therefor, and that there is now due from said defendants to the plaintiff the sum of money specified.

[8] GUARANTY—ABSENCE OF AMBIGUITY—EVIDENCE—SURROUNDING CIRCUMSTANCES.—Where there is nothing ambiguous in the terms of a contract of guaranty, the surrounding circumstances cannot be resorted to for the purpose of giving the terms a different meaning.

[9] WRITTEN CONTRACT—ALTERATION BY ORAL AGREEMENT.—A written contract cannot be altered by an oral agreement except when such oral agreement is executed.

[10] ID. — PLEADING — INSUFFICIENT COMPLAINT — ALLEGATION OF PERFORMANCE OF CONTRACT BY PLAINTIFF—DEFECT NOT CURED.—An insufficient complaint in an action on a guaranty because of the failure to allege that steps had been taken to collect the guaranteed debt from the principal is not remedied by the allegation that the plaintiff had sufficiently performed all of the conditions of the "contract" on its part, where the contract between the plaintiff and the principal and the contract of guaranty are both set out in the complaint.

[11] GUARANTY OF COLLECTION—NONPAYMENT OF DEBT—INSUFFICIENT LOSS OR DAMAGE.—The mere nonpayment of a debt when it be-

---

8.  Admissibility of parol evidence to affect terms of contract of guaranty, notes, 105 Am. St. Rep. 520; Ann. Cas. 1912A, 781.

comes due is sufficient foundation for an action to recover the same, but it does not constitute loss or damage within the meaning of a guaranty of collection.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul J. McCormick, Judge. Reversed.

The facts are stated in the opinion of the court.

Julius V. Patrosso for Appellant.

Parker & Parker for Respondent.

SHAW, J.—The defendant Le Sage appeals on the judgment-roll alone from a judgment against him. His only point is that the complaint does not state a cause of action against him.

The plaintiff contends that the appellant cannot raise this point because the demurrer to the complaint was a joint demurrer in behalf of all the defendants and that as the complaint is conceded to be good as against some of the defendants, it must be held good as to all of them upon a joint demurrer. In *Asevado* v. *Orr,* 100 Cal. 300, [34 Pac. 777], the court said that "a joint demurrer by all of the defendants must be overruled if the complaint is good against either of them." We need not attempt to explain this remark or to show that it is inapplicable to the present case. It is immaterial whether the point was properly raised by the demurrer or not. **[1]** The objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by the failure to demur, but may be raised for the first time upon appeal. (Code Civ. Proc., sec. 434; *Arnold* v. *American Ins. Co.,* 148 Cal. 663, [84 Pac. 182]; *Lyden* v. *Spohn-Patrick Co.,* 155 Cal. 177, [100 Pac. 236].) **[2]** It is true that where the objection is not made until after judgment, the complaint will be liberally construed, and if the necessary facts appear by implication only, or as a conclusion of law, the complaint will be upheld: But where there is an entire absence of an essential allegation, the complaint will be held bad, even when the point is first raised upon appeal.

The complaint here contains five counts. Upon the fifth count judgment was given in favor of the defendants and

it need not be further considered. So far as the defendant Le Sage is concerned, the action is based upon a guaranty by him and Duffet attached to a contract executed by the defendants MacIntosh and MacIntosh under the name of Washington Street Electric Garage Company. We will hereafter refer to them as the Garage Company. The contract between the plaintiff and the Garage Company provided that the Garage Company should have the exclusive right, in the city of Los Angeles, to sell electric automobiles manufactured by the plaintiff. It also provided that the plaintiff would sell such automobiles to said Garage Company at a discount from the list price and upon specified terms of payment. Attached thereto, after the signature of the said partners, was the guaranty signed by Le Sage and Duffet upon which Le Sage is sought to be held liable, which was in the following words:

"Whereas—We are interested in the Washington Street Electric Garage Co. and at our request the Ohio Electric Car Co. has consented to deliver certain automobiles to the said Washington Street Electric Garage Co., without payment therefor in cash, and that the said Ohio Electric Car Co. has further, at our request, entered into the foregoing contract with the Washington Street Electric Garage Co., we hereby guarantee to hold the Ohio Electric Car Co. whole and harmless from any and all loss or damage by reason of any transaction or transactions between it and the Washington Street Electric Garage Co."

The complaint alleges that certain automobiles were purchased by the Garage Company from the plaintiff at specified prices upon which partial payments had been made. The allegations of nonpayment were in the same phraseology in each count. It will be sufficient to quote the clause of the first count upon that subject:

"That no part of said $1,928.70 or of the interest thereon has been paid to the plaintiff and there is now due and owing to it thereon, from said defendants, E. D. MacIntosh, R. B. MacIntosh, Geo. E. F. Duffet and Gideon Le Sage, said sum of $1,928.70, with interest thereon at six per cent per annum from the fourteenth day of July, 1915."

[3]   There is no allegation that the plaintiff has suffered any loss or damage by reason of any transaction with the Garage Company, or that the plaintiff has taken any legal

proceedings to collect from said company indemnities alleged to be due it, or that said company is insolvent, or that for any other- reason legal proceedings against them would be unavailing. No facts are alleged to indicate that the debts of the Garage Company could not have been enforced by ordinary legal proceedings. The appellant contends that the complaint is insufficient against him because of the want of such allegations and we think this contention must be sustained.

The appellant's only liability is upon the guaranty signed by him. **[4]** The language of the guaranty is to receive a fair and reasonable interpretation upon the same rules of construction that are applicable to other written instruments, but the liability of the guarantor cannot be extended by implication beyond the terms of the guaranty when so construed. (*London and San Francisco Bank* v. *Parrott,* 125 Cal. 482, [73 Am. St. Rep. 64, 58 Pac. 164].) The guaranty of Le Sage is not an unconditional guaranty, as described in section 2806 of the Civil Code, and hence it does not come within the rule of section 2807 that "a guarantor of payment or performance is liable to the guarantee immediately upon the default of the principal, and without demand or notice." The guaranty clearly imports a condition, that is, that the plaintiff must suffer some loss or damage from the transactions guaranteed, in order to make the guaranty operative. **[5]** It is, in effect, a guaranty of collection such as that mentioned in section 2800 of the Civil Code. Such a guaranty imports that the debtor is solvent and that the demand is collectible by the usual legal proceedings, if taken with reasonable diligence. If such proceedings are not taken, the guarantor is discharged unless "no part of the debt could have been collected thereby" or unless the principal obligor has removed from the state leaving no property therein from which the obligation might be satisfied., (Civ. Code, secs. 2801, 2802.) The complaint does not show any of these facts, or any excuse for the failure to take legal proceedings first against the principal. The rule in regard to such guaranty is well stated in *Pierce* v. *Merrill,* 128 Cal. 471, [79 Am. St. Rep. 63, 61 Pac. 67], in a quotation from *Burton* v. *Dewey,* 4 Kan. App. 589, [46 Pac. 325], as follows: **[6]** "There is a well-understood difference between a guaranty of payment, and a contract of

indemnity against loss as the result of the nonpayment of a debt.  In the first case the liability of the guarantor is fixed by the failure of the principal debtor to pay at maturity, or at the time when payment was guaranteed.  In the second, the contract partakes of the nature of a guaranty of collection, no liability being incurred until after, by the use of due and reasonable diligence, the guarantee has become unable to collect the debt from the principal debtor.''

In *Fernandez* v. *Tormey*, 121 Cal. 515, [53 Pac. 1119], a mortgage was given by the defendant to secure Fernandez ''against any loss which he may ever sustain by reason of the transfer and assignment by him to Henry Rogers'' of certain obligations particularly described.  Concerning the meaning and effect of this clause of the mortgage, the court said: ''Its natural import is indemnity against loss contingent and not yet accrued'' (121 Cal. 520, [53 Pac. 1119]), and held that the mortgagee could not recover unless he proved, not only that Rogers had failed to discharge his obligations on account of such assignments, but that the mortgagee had, as a consequence thereof, suffered some loss from the failure.  There are many authorities to the same effect.  (*Elder* v. *Kutner*, 97 Cal. 490, [32 Pac. 563]; *Willson* v. *McEvoy*, 25 Cal. 172; *Prader* v. *Grimm*, 28 Cal. 12; *Roussin* v. *Stewart*, 33 Cal. 208; 20 Cyc. 1447.)

[7]  There is nothing in the findings which cures this defect in the pleadings.  On the contrary, they also merely state, in language similar to that of the complaint, with respect to each item found to be owing from the Garage Company to the plaintiff, that no part of the same, or any interest thereon, has been paid to the plaintiff; that a demand has been made therefor and that there is now due from said defendants to the plaintiff the sum of money specified. Upon the principles relating to such guaranties as above set forth, the findings not only do not cure the complaint, but they are insufficient to sustain the judgment against the defendant Le Sage.

[8]  The surrounding circumstances cannot be resorted to for the purpose of giving a different meaning to the terms of the guaranty.  There is nothing ambiguous in those terms, nor were any facts alleged which create an extrinsic ambiguity, and in such cases extrinsic evidence to control or explain the meaning of the language is inadmis-

sible. (Civ. Code, sec. 1639; Code Civ. Proc., secs. 1856, 1860.) Nor was any conduct of the parties in construing the contract contrary to its terms shown which could have the effect of giving the language a different meaning with respect to the particular transactions here involved, whatever effect such conduct may have had upon other obligations covered by the guaranty. [9] A written contract cannot be altered by an oral agreement except when such oral agreement is executed. (Civ. Code, sec. 1698.) There has been no oral agreement made or executed purporting to alter the guaranty as to the claims sued on. No foundation is laid in the pleadings for any claim that the defendant Le Sage was a partner in the Garage Company and directly liable as such for its obligations. Hence the judgment cannot be supported by any presumption to that effect.

[10] The allegation in the complaint that the plaintiff "has sufficiently performed each and all of the conditions of said contract on its part to be performed" manifestly refers, on the face of the complaint, solely to the contract between the plaintiff and the Garage Company as distinguished from the guaranty appended thereto. The same statement in the findings appears in the same connection and must have the same application. and meaning. They cannot be considered as sufficient to authorize a judgment against the plaintiff on the theory that they are equivalent to an allegation and finding that the plaintiff had prosecuted an action against the Garage Company with due diligence and had failed to recover anything therein.

[11] The mere nonpayment of a debt when it becomes due is sufficient foundation for an action to recover the same, but it does not constitute loss or damage within the meaning of a guaranty such as that here under consideration. The authorities already referred to sufficiently demonstrate this proposition. We are of the opinion that the complaint does not state facts sufficient to constitute any cause of action against the appellant Le Sage, and that the judgment against him is not supported by the findings.

The judgment is reversed.

Olney, J., and Lawlor, J., concurred.