[Civ. No. 23801.   Second Dist., Div. Two.   Aug. 27, 1959.]

PATRICIA ANN HOOVER, Appellant, v. THE TRAVELERS INSURANCE COMPANY (a Corporation), Respondent.

Weyl & Weyl and John A. Weyl for Appellant.

Homer L. Breidenbach for Respondent.

ASHBURN, J.—Plaintiff, Patricia Ann Hoover, sues upon a life insurance certificate, Number 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, issued to her husband, Thomas F. Hoover, pursuant to a group life insurance policy issued by defendant, The Travelers Insurance Company to The National Elevator Industry Welfare Plan under declaration of trust of May 19, 1952. Such policies are authorized by Insurance Code, section 10202.8[1] and related

[1]Ins Code, § 10202.8: *"Group life policy issued to trustees of fund.* A group life policy conforming to all of the following conditions may be issued to the trustees of a fund established by one employer, or by two or more employers in the same industry, or by one or more labor unions, or by one or more employers and one or more labor unions, to insure employees of the employers or members of the unions for the benefit of persons other than the employers or the unions:

"(a) *Persons eligible for insurance; employees defined.* The persons

sections. Plaintiff appeals from judgment for defendant insurance company.

The following allegations of the complaint are admitted: "I. That at all times herein mentioned defendant was and is a corporation . . . authorized to and doing business in the City and County of Los Angeles, State of California, within the jurisdiction of the above-entitled Court. II. That on or about October 22, 1956, defendant made and issued its Certificate No. 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 to Thomas F. Hoover for a valuable consideration; that said certificate provided that subject to the terms, conditions, and provisions of Group Life Policy No. G 15385 issued and delivered to The National Elevator Industry Welfare Plan, defendant would pay the sum of $3,500.00 to the beneficiary designated by the said Thomas F. Hoover. III. Said certificate further provided that PATRICIA ANN HOOVER, plaintiff herein, was and is the designated beneficiary."

Counsel have stipulated[2] that Hoover was employed by Otis Elevator Company on October 22, 1956, and terminated that employment on January 18, 1957; that he died on January 27, 1957. It was conceded by defendant at the trial that the fact of termination of employment nine days prior to his death would not affect the existence of insurance upon his life to such date of death if in fact there had been any existing insurance on the 18th. This concession was based upon the "grace period" provided by section 6, article VII of the base policy.

That policy provides: "The Company will issue to the Trustees for delivery to each Employee whose life is insured hereunder an individual certificate setting forth a statement as to the insurance protection to which he is entitled, including any change in such protection depending on the age of the insured Employee, to whom the benefits hereunder shall be payable, and the rights to which the Employee is entitled under the provisions of Article VI—Conversion Privilege." (Art. IX, § 1.)

The certificate thus issued to Hoover says: "This individual

eligible for insurance shall be all of the employees of the employers or all of the members of the unions, or all of any class or classes thereof determined by conditions pertaining to their employment, or to membership in the unions, or to both. . . ."

[2]The date of death was agreed upon in the pretrial statement; the dates regarding employment were stipulated by counsel at oral argument.

Certificate is furnished in accordance with and subject to the terms of said group policies and is merely evidence of insurance provided under said group policies which insurance is effective only if the Employee is eligible for insurance and becomes and continues insured in accordance with the terms, provisions and conditions of said policies. This Certificate is void if issued to an Employee who is not insured under Group Accident and Sickness Policy No. GA 18975U issued by the Company, who is not employed in California or Rhode Island.'' The certificate declares itself to be some ''evidence of insurance provided under said group policies'' to Mr. Hoover, and the fact of the company's delivery of same to him, pursuant to request of the trustees, as one ''whose life is insured hereunder'' (base policy, art. IX, § 1) furnishes additional affirmative evidence of the fact—nothing less than a prima facie case.

Defendant's answer rests essentially upon the averment that ''the terms, conditions and provisions of Group Life policy No. G15385 specifically exclude coverage of this alleged loss.'' At pretrial hearing it was specifically stated that ''[b]oth plaintiff and defendant are agreed that the only issues involved in this suit involve the construction of Certificate dated 10/22/56 #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 & Paragraph A of the Master Policy and the determination as to whether Thomas F. Hoover was included under the provisions of said paragraph.'' Defendant's reliance is and was upon that portion of the basic policy which provides: ''The eligible classes of Employees are: Employees whose employment is covered by a Collective Bargaining Agreement between an Employer Member and International Union of Elevator Constructors, A. F. of L. except that Employees in the following classes are not to be eligible: (a) Salaried Superintendents and Salaried Supervisors. (b) Probationary Employees who have not completed Six months of service in the elevator industry,'' especially clause (b) thereof.

The contention seems to be that an employee who has not completed six months of service in the elevator industry is ipso facto a probationary employee. This, however, disregards the cardinal rule of construction that each word of a sentence must be given appropriate meaning. In effect, it eliminates the word ''probationary'' and declares that any employee who has not worked six months is a probationary employee. Neither the base policy nor the certificate under-

takes to define the phrase "probationary employees." The term is left wide open. ■ Thus, the above quoted language of the policy is clearly ambiguous and the rule of *Continental Cas. Co.* v. *Phoenix Constr. Co.*, 46 Cal.2d 423, 437 [296 P.2d 801, 57 A.L.R.2d 914], is applicable: "It is elementary in insurance law that any ambiguity or uncertainty in an insurance policy is to be resolved against the insurer. [Citations.] ■ If semantically permissible, the contract will be given such construction as will fairly achieve its object of securing indemnity to the insured for the losses to which the insurance relates. [Citation.] ■ If the insurer uses language which is uncertain any reasonable doubt will be resolved against it; if the doubt relates to extent or fact of coverage, whether as to peril insured against [citations], the amount of liability [citations] or the person or persons protected (*Olson* v. *Standard Marine Ins. Co.* (1952), 109 Cal.App.2d 130, 135 [1, 5] [240 P.2d 379]; see also *Island* v. *Fireman's Fund Indem. Co.* (1947), 30 Cal.2d 541, 543, 548 [184 P.2d 153, 173 A.L.R. 896]; *Sly* v. *American Indem. Co.* (1932), 127 Cal.App. 202 [15 P.2d 522]), the language will be understood in its most inclusive sense, for the benefit of the insured."

■ This case, left in the posture of the pretrial stipulation, presents an ambiguous policy. The burden rests upon the insurer to resolve the ambiguity in its own favor and it has not undertaken so to do. It rests the case upon a policy which, properly construed, may or may not mean that Hoover is a probationary employee or that he is such because he did not work six months immediately preceding his death. Upon the basis of the pretrial stipulation defendant cannot prevail.

Actually, the trial did not proceed upon the narrow basis outlined by the pretrial stipulation. Appellant there raised the point that Hoover had worked in the elevator industry and for Otis Elevator for more than six months during the year 1948. This was within the scope of the pleadings because defendant had entered a general plea that the provisions of the group policy "specifically exclude coverage of this alleged loss." The burden was on defendant to prove that Hoover was a probationary employee who had not worked for six months in the industry. If that means six months immediately preceding his death, it was incumbent upon defendant to prove the fact and thus resolve the ambiguity of the policy in its own favor. If, on the other hand, a probationary employee had, by custom or agreement, some different

definition, such as one who has worked for not less than a year in an initial employment, or forsooth one who has worked not less than four months in such employment—it was incumbent upon defendant to prove the fact and thus give content to the phrase ''probationary employees.''

When the point was raised, in obvious good faith, that Hoover had worked more than six months in the industry upon a previous occasion, defendant, whose plea placed upon it the burden of proving a negative, was bound to go forward with such proof in order to prevail, i.e., defendant must then prove that Hoover did not work six months in 1948, or that the mere fact of six months' experience in the industry did not *per se* remove him from the probationary class.

''Probationary'' is defined in Webster's New International Dictionary, second edition, as ''Of or pertaining to probation or probationers, serving for trial or a test; on probation''; another definition of ''probation'' is: ''Any proceeding designed to ascertain truth, to determine character, qualifications, etc.; examination, trial or a period of trial; as to engage a person on *probation*.'' ''Probationary'' is defined in The Oxford English Dictionary as ''of, pertaining or relating to, or serving for probation; made, performed, or observed in the way of probation; belonging to the testing or trial of character or qualifications.'' There is nothing in the record to indicate that the word ''probationary'' as used in the instant policy refers only to the matter of time of service. Ordinarily a probationary period is a testing, a qualifying period, and there is no reason for the court to assume gratuitously that one who has worked six months has or has not survived that test, or that its survival does not involve superior intelligence, aptitude, diligence or general qualifications which may be demonstrated in a period of two or four months, as well as six months.

There being no affirmative evidence as to what constitutes a probationary employee, or whether one who has worked six continuous months graduates from that class, or whether he must work 10 or 12 or 20 months to attain a nonprobationary status, defendant failed to prove its case and hence the judgment is erroneous.

The judgment is reversed.

Fox, P. J., and Herndon, J., concurred.