[Civ. No. 27282.    Second Dist., Div. Two.    July 29, 1963.]

MICHAEL T. HARABEDIAN, Plaintiff and Respondent, v. ZURICH INSURANCE COMPANY, Defendant and Appellant.

Parker, Stanbury, McGee, Peckham & Garrett and John H. Peckham for Defendant and Appellant.

Landon Morris for Plaintiff and Respondent.

ASHBURN, J.—This action for declaratory relief involves the interpretation of a comprehensive liability insurance policy issued by appellant, Zurich Insurance Company, to the respondent, Michael T. Harabedian. In the declarations of the policy the limits of liability are expressed as $100,000 for bodily injury to one person and $300,000 for each accident. David T. Harabedian, respondent's son, was at all material times an additional insured. Two endorsements or riders were

attached to the policy, having liability limits expressed as $25,000 for bodily injury to one person and $50,000 for each accident.

Both riders have the same effective date and were delivered with the policy. One of them, called amendatory endorsement, reads in pertinent part: "In consideration of the premium charged it is agreed the limits of liability for Coverage A—bodily injury liability as described in the supplementary Provisions Endorsement Form 116 *Applicable to David T. Harabedian* is amended to read: $25,000 each person. $50,000 each accident." (Italics added.) The second, a supplementary provisions endorsement, provides in pertinent part: "It is agreed that such insurance as is afforded by the policy applies subject to the following additional provisions: Limits of Liability—Solely *with respect to any automobile while being operated by or in the control of David T. Harabedian,* the limits by the company's liability against Coverage A (Bodily Injury Liability) as stated in Item 3 of the Declarations are amended to read:

| Coverage A | Limits of Liability |
|---|---|
| Bodily Injury Liability | $25,000.00 Each Person |
| | $50,000.00 Each Accident." |

(Italics added.)

A joint pretrial statement says: "The core of the dispute between plaintiff and defendant is whether these riders reduce the limits applicable to plaintiff's son, David, only—or whether they also reduce the limits applicable to plaintiff."

An accident occurred while the son David was operating with his father's permission an automobile owned by the father. Two injured guests brought suit against both respondent and his son David. In one of these actions, brought by one Firmani, a judgment for $63,500 was obtained against both the respondent and his son. The judgment against the son was based on his wilful misconduct in the driving of the automobile at the time of the accident and the judgment against the respondent was based upon his own separate and independent negligence in entrusting the automobile to his son David while knowing him to be an incompetent driver.

Appellant refused to pay any part of the Firmani judgment against respondent in excess of $25,000 plus costs and interest, on the ground that the riders to the insurance policy had limited its liability to that amount. Respondent brought this action and obtained a judgment declaring that appellant, Zurich Insurance Company, was obligated to pay

the full amount of the Firmani judgment against Michael T. Harabedian. Appellant appeals therefrom.

The only question canvassed at the trial was the interpretation of the insurance contract. The trial court found that the policy and the endorsements were ambiguous as to the appellant's obligation to pay amounts over $25,000 for one person, so it received over defendant's objections extrinsic evidence offered by both sides to resolve the ambiguity. So doing, it decided that the coverage *for the respondent* had not been reduced from the $100,000 limit for each person. The sole questions on appeal are whether the insurance policy was ambiguous, and whether the trial court erred in admitting extrinsic evidence for the purpose of interpreting the policy. The parties agree "that the extrinsic evidence when admitted, was conflicting and that from such evidence, if the terms and conditions of the said policy of insurance and the endorsements thereto were ambiguous, the trial court was entitled to find that it was the duty and obligation of appellant Zurich Insurance Company to pay, on respondent's behalf, the full amount of the Firmani judgment, to-wit, the sum of $63,500. plus costs and interest."

The appellant's contention is that the meaning of the insurance policy and the riders is clear and unambiguous and therefore no extrinsic evidence should have been introduced. It correctly contends that the admission, over appropriate objection, of extrinsic evidence to vary the terms of an unambiguous contract is reversible error. (*Ohio Elec. Car Co.* v. *Le Sage,* 182 Cal. 450, 456 [188 P. 982] ; *Cox* v. *Miller,* 15 Cal.App.2d 494, 498 [59 P.2d 628] ; 18 Cal.Jur.2d § 275, p. 763.)  The question whether the contract of insurance is ambiguous is one of law. (*Pedersen* v. *Fiksdal,* 185 Cal.App.2d 30, 34 [7 Cal.Rptr. 874] ; *Brant* v. *California Dairies, Inc.,* 4 Cal.2d 128, 133 [48 P.2d 13] ; *Wachs* v. *Wachs,* 11 Cal.2d 322, 325 [79 P.2d 1085].) If answered in the affirmative then the interpretation in the light of the conflicting parol evidence becomes a question of fact, solution of which by the trial court is binding upon appeal. (*Walsh* v. *Walsh,* 18 Cal.2d 439, 444 [116 P.2d 62] ; *Pedersen* v. *Fiksdal, supra,* 185 Cal.App.2d 30, 36.)

Appellant further contends that the clear meaning of the words is a reduction in the company's liability, regardless of whether the specific liability was to the son or to the father, because the policy addresses itself to the "company's liability" and not in terms of specific liabilities to individuals,

and that the very purpose of the reduction was to protect itself in the event the son was involved in an accident; an interpretation limiting the liability only to the tort of the son and not to the tort of the father would defeat that purpose and appellant would be forced to assume risks at a lower premium than would otherwise be appropriate. The respondent, on the other hand, argues that the appellant insurance company had two obligations, one to the respondent, as the named insured, and one to the respondent's son, as an additional insured. (See *Arenson* v. *National Automobile & Cas. Ins. Co.*, 45 Cal.2d 81, 84 [286 P.2d 816].) The endorsements reduce the coverage applicable to the son, but nowhere do they mention the respondent, the named insured, and the fact that the coverage as to one is reduced does not mean necessarily that the coverage as to the other is reduced.

Clearly, this insurance policy with its riders is ambiguous. The phrase "bodily injury liability . . . applicable to David T. Harabedian," found in the amendatory endorsement, points to liability on David's part alone, while "liability—solely with respect to any automobile being operated by or in the control of David T. Harabedian" (supplementary provisions endorsement), standing alone, would include liability of both father and son.

*Barham* v. *Barham*, 33 Cal.2d 416, 422-423 [202 P.2d 289]: "When the language used is fairly susceptible to one of two constructions, extrinsic evidence may be considered, not to vary or modify the terms of the agreement but to aid the court in ascertaining the true intent of the parties (*Central Heights Improvement Co.* v. *Memorial Parks, Inc.*, 40 Cal.App.2d 591, 608 [105 P.2d 596]), not to show that 'the parties meant something other *than* what they said' but to show 'what they meant *by* what they said' (*Barnhart Aircraft, Inc.* v. *Preston*, 212 Cal. 19, 23 [297 P. 20])." In *Imbach* v. *Schultz*, 58 Cal.2d 858, 860 [27 Cal.Rptr. 160, 377 P.2d 272], the Chief Justice said that ". . . parol evidence is ordinarily admissible to explain the meaning of an agreement. . . ." See also, *Pedersen* v. *Fiksdal, supra*, 185 Cal.App.2d 30, 35; *Estate of Donnellan*, 164 Cal. 14, 19 [127 P. 166]; *Wachs* v. *Wachs, supra*, 11 Cal.2d 322, 326.

Mr. Justice Peek, speaking for the court in *Estate of Tucker*, 130 Cal.App.2d 699, 707 [279 P.2d 760], said: "It has also been said that '. . . where extrinsic evidence is offered to explain inconsistent provisions in a contract courts should not strain to find a clear meaning in an ambiguous

document, and having done so exclude the extrinsic evidence on the ground that as so construed no ambiguity exists.' (*Body-Steffner Co.* v. *Flotill Products, Inc.*, 63 Cal. App.2d 555 [147 P.2d 84].)''

█ Insurance policies will not be given a forced construction, placing risks upon the insurer which it did not assume. (*Lewis* v. *Fidelity & Cas. Co.*, 207 Cal.App.2d 160, 162 [24 Cal.Rptr. 388]; *New York Life Ins. Co.* v. *Hollender*, 38 Cal.2d 73, 81 [237 P.2d 510].) But where possible an insurance policy will be interpreted so as to provide coverage and protect the insured. █ ''It is elementary in insurance law that any ambiguity or uncertainty in an insurance policy is to be resolved against the insurer. [Citations.] █ If semantically permissible, the contract will be given such construction as will fairly achieve its object of securing indemnity to the insured for the losses to which the insurance relates. [Citation.] █ If the insurer uses language which is uncertain any reasonable doubt will be resolved against it; if the doubt relates to extent or fact of coverage, whether as to peril insured against [citations], the amount of liability [citations] or the person or persons protected [citations], the language will be understood in its most inclusive sense, for the benefit of the insured.'' (*Continental Cas. Co.* v. *Phoenix Constr. Co.*, 46 Cal.2d 423, 437-438 [296 P.2d 801, 57 A.L.R.2d 914].) See also, *Prickett* v. *Royal Ins. Co., Ltd.*, 56 Cal.2d 234, 237 [14 Cal.Rptr. 675, 363 P.2d 907]; *Coast Mutual Bldg.-Loan Assn.* v. *Security T. Ins. & Guar. Co.*, 14 Cal.App.2d 225, 232 [57 P.2d 1392]; *Hoover* v. *Travelers Ins. Co.*, 173 Cal.App.2d 361, 365 [343 P.2d 385]; *Pacific Heating etc. Co.* v. *Williamsburgh City Fire Inc. Co.*, 158 Cal. 367, 369-370 [111 P. 4]; *Kautz* v. *Zurich Gen. A. & L. Ins. Co.*, 212 Cal. 576, 580 [300 P. 34].

█ We entertain no doubt that the policy with its riders is ambiguous or that the court properly received parol evidence or that it correctly decided the case in favor of plaintiff-respondent.

Judgment affirmed.

Fox, P. J., and Herndon, J., concurred.